## Man, Jr. v. Drexel.

1. Judgment in ejectment is conclusive as to mesne profits between the parties, from the day of the issuing of the writ, even though defendant entered by a habere facias possessionem, under a former judgment in ejectment between the same parties.
2. The rule is the same under the act of Assembly, in this respect, as formerly.

Error to the District Court of the city and county of Philadelphia. *Feb.* 3, 4.—Trespass for mesne profits. On the trial before Jones, J., plaintiff gave in evidence the proceedings in an ejectment, in which the writ issued February 3, 1843, and judgment was obtained March 22, 1844, and claimed for the profits between these dates, having proved the value. Defendant showed an ejectment against the vendor of plaintiff for the same property in which the writ issued 24th July, 1841, and a judgment followed by a hab. facias possessionem, executed. The court being of opinion that the first ejectment was conclusive as to the mesne profits, until actual eviction under a subsequent judgment, on the authority of Postens *v.* Postens, 3 Watts & Serg. 182, directed a verdict for defendant.

*Randal* and *Wheeler*, for plaintiff.—The case relied on by the court only decided that the recovery was conclusive as to the time between the writ and judgment, in analogy to the old rule in case of a demise. The court seemed to consider, the entry being under a judgment, the party could not be held liable as a trespasser. But this would prevent our recovery, which is against defendant as trespasser. The cases and elementary books show this. 2 Steph. N. P. 1494; Adams on Eject. by Tillinghast, 376, 380, &c.; 3 Marsh. (Ky.) 518; 2 Johns. 369; 11 Johns. 405.

*St. Geo. Campbell* and *J. R. Scott*, contrà.—The entry under the writ is an exception. This will in effect rule, that by entering under a writ of this court, the party was a trespasser.

*April* 20. Kennedy, J., after stating the case and the direction of the court.—It appears to us that the instruction given by the court

to the jury cannot be sustained. If the court had instructed the jury that the recovery of the premises in the ejectment brought by the plaintiff, that is Daniel Man, jun., against the defendant, Francis M. Drexel, was conclusive evidence, not only of his right to the possession thereof, but likewise of his right to receive the mesne profits, from the date of suing out his writ, on the 3d day of February, 1843, commencing the ejectment, until he recovered the possession by virtue thereof, the court would have been correct. It has ever been held in an action of trespass, brought by a plaintiff for the mesne profits of premises recovered by him of the defendant previously in ejectment, that the judgment in the ejectment, at least, if pleaded, is conclusive evidence of his title to the possession and right to receive the mesne profits from the date of the demise in the declaration, according to the English mode of instituting actions of ejectment, and from the day of suing out the writ of ejectment, as directed by the act of Assembly in this state, until, by virtue of the proceedings had therein, possession is obtained by the plaintiff from the defendant. And this is the effect of every judgment in ejectment, whether it be the first, or second, or third, even between the same parties or privies, and where the same titles are or have been relied on. The judgment in the second ejectment, if contrary to that in the first, may be considered as a reversal in effect of it, from the date of the demise laid in the second, or the date of suing out the writ in it, so that the first is no longer of any force. And so the judgment in the third ejectment, if contrary to that in the second, may be viewed as a reversal in effect of the second. But besides, a judgment at most, in ejectment, is regarded in substance as only a recovery of the *possession* (not of the *seisin* or *freehold*) without prejudice to the *right*, as it may afterwards appear, even between the parties. He who enters under it can only be *possessed according to right, prout lex postulat*. If he has a freehold, he is in as a freeholder. If he has a chattel interest, he is *in* as a termor ; and in respect to the freehold, his possession enures *according to right*. If he has no title, he is in as a trespasser, and, without any re-entry by the true owner, is liable to account for the profits. Atkyns *v.* Horde et al., 1 Burr. 114, per Lord Mansfield. Mr. Justice Van Ness, in delivering the opinion of the court, in Wright *v.* Dieffendorf, 3 Johns. Rep. 270, considers the amount of a recovery in ejectment as accurately and forcibly stated here by Lord Mansfield. And although a verdict and judgment in a prior ejectment between the same parties may be evidence in a second, yet it is not generally conclusive, and perhaps of no weight, excepting where the scale of evidence appears to be equally balanced, when it may serve to turn the beam in favour of the party for whom it was given. But notwithstand-

ing this is the case generally, that a verdict and judgment in ejectment is not conclusive, even between the same parties, except under our act of the 13th of April, 1807, wherein it is enacted that two verdicts in ejectment on the same side, and judgments rendered thereon, shall be conclusive; yet in an action of trespass for the mesne profits, brought by a plaintiff, who has previously recovered the premises in an action of ejectment, the judgment in ejectment is not only evidence, but conclusive evidence of the right of the plaintiff to the possession of the premises, and to his right to recover the mesne profits as against the defendant in the ejectment, from the date of the demise as laid in the declaration, or from the date of suing out the writ of ejectment. Aislin v. Parkin, 2 Burr. 668; Bull. N. P. 87; Barnes' Notes, 472, (3d edition;) Van Alen v. Rogers, 1 Johns. Ca. 281; Benson v. Matsdorf, 2 Johns. Rep. 369. The defendant cannot set up a title even if he have a better title. Benson v. Matsdorf, 2 Johns. Rep. 369; Jackson v. Randall, 11 Johns. Rep. 405. So where the lessor had taken possession under the judgment in ejectment, and brought his action for the mesne profits, and the defendant had, in the mean time, brought an ejectment for the same premises, and obtained a verdict and judgment, it was held that he could not set the same up as a bar to the action for the mesne profits. Jackson v. Randall, 11 Johns. Rep. 405. Nor can any defence be set up to the action for mesne profits, which would have been a bar to the action of ejectment. Baron v. Abeel, 3 Johns. Rep. 481; Jackson v. Randall, 11 Johns. Rep. 405; Languedyck v. Beerhans, Id. 361. A distinction, however, has been lately taken in England, between the effect of the judgment in the ejectment, when pleaded in the action for mesne profits, and when given in evidence only on the general issue, holding in the former that it is conclusive upon both court and jury, but not so in the latter. Vide Doe v. Huddart, 2 Cr., Mee. & Ros. 316. And this would seem to be the rule recently established in all cases, that a judgment between the same parties or privies on the same point is not conclusive upon the jury, unless pleaded. Vaught v. Winch, 2 B. & Ald. 662. In actions stricti juris, such as trespass vi et armis, it is no doubt always requisite to plead a former recovery, where the defendant intended to rely on and give it in evidence, because it would not be given in evidence on the general issue; but in an action upon the case, which is founded upon the mere justice and conscience of the plaintiff's case, and is in the nature of a bill in equity, and in effect is so, a formal recovery may be given in evidence by the defendant on the general issue, and need not be pleaded. Bird v. Randall, 3 Burr. 1353. But then I cannot assent to the principle, that it is not binding upon the jury in the same

manner as if it had been pleaded. This, as it appears to me, may be shown from authority, reason, and sound public policy. In the Duchess of Kingston's case, 20 State Trials, 538, Lord Chief Justice De Gray says, " From the variety of cases relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true ; first, that the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar ; or, as *evidence, conclusive* between the same parties, upon the same matter directly in question in another court. Secondly, That the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter between the same parties, coming immediately in question in another court for a different purpose." Thus declaring that the proper deduction to be drawn from all the civil cases on the subject was, that the judgment of a court of concurrent jurisdiction between the same parties, upon the same point, deciding the same matter, was conclusive, as well when given in evidence without being pleaded as when pleaded. And so thought Lord Mansfield, who possessed talents of the first order, with great legal experience and learning on the subject, as distinctly appears from what he has said in Aislin *v.* Parkin, 2 Burr. 668, already referred to, with Bull. N. P. 87, and Barnes' Notes, 472, (3d edition ;) and again in Bird *v.* Randall, 3 Burr. 1353. See also, to the same point, Hancock *v.* Welch, 1 Stark. Rep. 277 ; Whately *v.* Manheim, 2 Esp. Rep. 608 ; Strutt *v.* Bovingdon, 5 Esp. Rep. 56, 59 ; Rex *v.* St. Pancras, Peake's Ca. 220, and the Duchess of Kingston's case, 20 State Trials, 538. And I would infer that such was the opinion of Lord Coke, from what he says in his preface to the 8th part of his Reports, 26, 27 ; where he says, " In personal actions, concerning goods and chattels, a recovery or bar in one action is a bar in another, and there is an *end of the controversy.* In real actions for freehold and inheritance, being of a higher and worthier nature, and standing upon greater variety of titles and difficulties in law, there could not be above two trials, or, at most (and that very rarely) three, and in the mean time, after one recovery, the possession resteth quiet." He speaks of the former recovery being a bar, and putting an end to the controversy, whenever it shall be made to appear, without mentioning how, whether by being pleaded or given in evidence on the general issue, that such recovery existed. And he gives the reason, therefor, by superadding, " And therefore, to this end the ancient and excellent institution of the common law might be recontinued for the *good of the commonwealth*, (for it is convenient for the commonwealth that there be an end of controversies.)" From which it appears that he very justly conceived that the public have an interest in having an

S

end put to all further litigation between the same individuals, after the matter in dispute has been determined and passed upon by a court of competent jurisdiction, as long as such determination remains unreversed by some prescribed course of law.   See this matter shortly discussed in Marsh *v.* Pier, 4 Rawle, 288, 289 ; and 1 Greenleaf's Evidence, sect. 531, and note to the same, where Professor Greenleaf, after a careful examination of the question, and the authorities bearing upon it, comes to the conclusion, that the weight of authority, in this country at least, is believed to be in favour of the position, that where a former recovery is given in evidence, it is equally conclusive in its effect as if it were specially pleaded by way of estoppel.   And, indeed, it may be questionable, whether it is as yet settled definitively otherwise in England.   In Outram *v.* Morewood, 3 East, 364, 365, Lord Ellenborough, who was certainly among the first of the English judges, speaks of a former recovery as conclusive, when pleaded by way of estoppel; but if given in evidence, only, would not be conclusive, as an estoppel would be.   But the question did not arise in that case.   In Vooght *v.* Winch, 2 Barn. & Ald. 662, the question was made and discussed by each of the judges, three only being present, and each gave his opinion that a verdict and judgment, in favour of the defendant in a former action, for the same cause, was not conclusive, because it was not pleaded in bar, but given in evidence under the plea of not guilty.   This case was cited afterwards in Stafford *v.* Clarke, 1 C. & P. 405, and was again discussed, in the same case, 2 Bing. 377, without being approved of; for each of the learned judges expressly declined giving any opinion on the point.   But subsequently in Doe *v.* Huddart, 2 Cr., Mee. & Roscoe, 316, it was adopted, and applied in the case of an action brought for the recovery of the mesne profits, after a recovery had in an ejectment by the plaintiff, and held that the recovery in the ejectment was not conclusive of the right of the plaintiff to the possession, because it was not pleaded, but merely given in evidence.   As a reason for this distinction, it has been alleged that the party, by not pleading the former judgment in bar, *consents* that the whole matter shall go to the jury to be determined by them according to the view which they shall take of the whole of the evidence relating to the point. Vooght *v.* Winch, 2 Barn. & Ald. 668.   Goddard's case, 2 Co. Rep. 4, has also been referred to in support of the principle of the distinction, first, by Mr. Justice Holroyd in Vooght *v.* Winch, and again by Baron Bolland in Doe *v.* Huddart, where the plaintiff, as administrator of Newton, had brought debt upon a bond made to the intestate, bearing date the 4th of April, 27 Eliz.   The defendant pleaded

that the intestate died before the date of the bond, and therefore con-
cluded that the writing was not his deed, whereupon they were at
issue. The jury found that the defendant delivered it as his deed, the
30th July, 23 Eliz., and found the tenor of the deed verbatim; that it
was dated the 4th of April, 24 Eliz.; that the intestate was living
30th July, 23 Eliz.; but that he died before the date of the bond, and
prayed the advice of the court, whether this was the defendant's deed;
and it was adjudged his deed; for which the court gave this reason,
"that although, in pleading, the obligee cannot allege the delivery
before the date, because he is estopped to take an averment against
any thing expressed in the deed; yet the jurors, who are sworn to say
the truth, shall not be estopped; for an estoppel is to conclude one to
say the truth." But if the decision in Goddard's case is to depend
upon the validity of the reason given for it, it amounts to nothing: for
it has been held, and it is no doubt the law too, that though a deed
appears on the face of it to have been made on one day, yet if in
truth it were delivered on a different day, that may be *shown by aver-
ment;* for the date of a deed is not an estoppel against stating and
proving the time of the delivery. See Bro. *Obligation,* pl. 40; *De-
parture,* pl. 14; Stone *v.* Bull. 3 Lev. 348; Shep. Touch. 74, Prest.
ed.; Lord Say and Sele's case, 10 Mod. 40; Hall *v.* Cazenove, 4 East,
480—482; S. C. 1 Smith, 272; 1 Chitty, pl. 639. And certainly, it
would be somewhat anomalous, if the law were otherwise, as it would
be allowing a party to *prove,* what it would not permit him to *act.*
Now let us see what foundation there is for saying, that the party, by
not pleading the former judgment in bar, *consents* that the whole mat-
ter shall go again to the jury, in the same manner as on the trial in the
former suit; or, as Mr. Smith, in his 2 Leading Cases, and note to
Trevivan *v.* Lawrence, page 444, has it, "that a party may waive the
benefit of an estoppel, and that he *elects to waive* it, by not pleading it
when he has an opportunity of doing so." Before such *consent* or
*election to waive* a benefit can be said to have been given or made by
a party, there ought to be some evidence of it; some ground, at least,
upon which it may be fairly presumed, that he has done so; but here
there is not the least shadow of ground whereon to raise any presump-
tion of the sort: on the contrary, all the springs of human action, and
the motives which prompt mankind, almost universally, to act in such
like cases are opposed to it. Why should a party, who has had a
controversy judicially settled and determined in his favour, without
any consideration, or any possible chance of gain, agree to submit all
the matters involved in the controversy to a new investigation and
decision, as if it had never been settled or decided before, and thus

subject himself to an inevitable loss of time and money, for which he can never be remunerated? Such a thing cannot be presumed, because utterly repugnant to all the springs and motives of human action; and it is wonderful to me how it could have entered into the mind of any one to suppose that it could be so in such case, without the clear and unequivocal consent expressly given by the party, that he was willing to do so. If, as Mr. Smith, in page 439 of his note, observes, the law of estoppel be founded on justice and good sense; and if it be true, as no doubt it is, that, nemo debet bis vexari pro eadem causa, it would be strange to say, that the *accidental* form of an issue should deprive a party of the benefit of it, and force him to litigate the same question twice over; and that the form of the issue generally in such case is altogether accidental, and formed without the slightest intention to relinquish or surrender any right or benefit that may or can arise from estoppel, cannot possibly be doubted, as it appears to me. Then, if there be no real foundation for the allegation, that the distinction taken between the effect of a former recovery, if pleaded, and when not pleaded but given in evidence on the general issue, as I think I have shown from the nature of the thing there is not, it is perfectly clear that it has not the least shadow or colour of ground to rest on; for it is admitted that the jury, as also the court and the parties, are bound by it, and estopped from acting in opposition to it, in all cases where, according to the rules of pleading, it cannot be pleaded, but if brought forward at all, must be given in evidence on the general issue: so that it is not because the jury are not estopped from speaking the truth, that the distinction has been taken, and attempted to be established. The distinction is not only artificial, but worse, because it is invariably, I think I may say, repugnant to the intention and design of the party claiming the benefit of the former recovery: and certainly repugnant to the rule as laid down by Chief Justice De Gray in the Duchess of Kingston's case. The guarded and particular language of the rule, as laid down by him, shows most clearly that his great care was, if possible, to prevent all misapprehension of it, and render *constructive interpolations* wholly unnecessary; yet it is said that he meant where the former recovery could be pleaded, it must be pleaded, in order to make it *conclusive;* but where it could not be pleaded, that then it would be *conclusive* if given in evidence merely. It is too much to suppose, that such a man as Lord Chief Justice De Gray would not have expressed himself to that effect, in terms that could not have been misapprehended or misinterpreted, if such had been his intention; and more especially so, when the occasion is considered, which called for his declaring what

the rule was on the subject. Vooght v. Winch would seem to be the first English case in which the question arose directly, and where the court took the distinction and acted upon it, by deciding that the verdict for the plaintiff was good, notwithstanding it was given by the jury, in direct opposition to a former verdict and judgment thereon between the same parties on the same matter, which were given in evidence on the trial of the cause by the defendant under the general issue, and held by the court, that the verdict was good, because the former verdict and judgment were not pleaded. A previous case, decided in Mic. 3 Ann. B. R., Trevivan v. Lawrence, 1 Salk. 276, is sometimes referred to as tending to support the same distinction; but this is a mistake, for it, so far as it has a bearing on the point, may perhaps be regarded as being rather the other way. But the truth is, the question did not arise in the case. The action was ejectment, and the plea was not guilty, as appears from the report of the case in 2 Ld. Raym. 1036. The plaintiff claimed the land upon an extension and delivery of it to him under a writ of *elegit* which he had sued out upon a judgment obtained in his favour, which bound the land. The judgment had been revived by scire facias against the terre-tenant, which misrecited the term in which the judgment had been obtained. The plea of nul tiel record was put in, and issue joined thereon; upon which a judgment awarding execution in favour of the plaintiff was rendered. Upon the trial of the ejectment, the variance between the real date of the judgment, and the date stated in the scire facias, was interposed by the defendants, to show that there was no such judgment as warranted the taking of the land in execution; but the court held that they were *estopped* from doing so by the judgment of the court rendered upon the plea of *nul tiel record*. This was in substance the case of Trevivan v. Lawrence.

I will turn now to some of the cases decided in this state, and to what has been said by some of our judges in relation to the question. In Bailey v. Fairplay, 6 Binn. 450, it was held that the recovery in ejectment was *conclusive* evidence against the defendant in trespass, for the mesne profits of the premises recovered in the ejectment, though given in evidence on the plea of not guilty alone. The counsel for the defendant also admitted that it was so. In Cist v. Zeigler, 16 Serg. & Rawle, 285, which was an action on the case for the use and occupation of certain premises held by the defendant of the plaintiff, it was ruled that a former verdict and judgment for the plaintiff in replevin, on the issue of no rent in arrear, was a bar to an action for use and occupation, for the same rent for which the distress was made; if it appear by the pleadings, that a certain rent was reserved,

and that the distress was for the same rent claimed in the action for use and occupation, whether the former judgment be pleaded as an estoppel, or given in evidence on the general issue.   The late Mr. Justice Duncan, in delivering the opinion of the court, says, " I know there are recent English decisions, that if the former judgment is not pleaded, but given in evidence on the general issue, it is not conclusive; yet the law appears to have been settled to the contrary by many authoritative decisions, which I am not inclined to disturb."   Mr. Justice Duncan died shortly after this; and in less than nine months afterwards, it was held in Kilheffer v. Herr, 17 Serg. & Rawle, 319, which was an action on the case for the continuance of a nuisance in erecting a dam, that a verdict and judgment for the plaintiff in a former action, in which the same matter was in controversy between the parties, were not conclusive when given in evidence, without being pleaded.   It is said, however, there, that in actions of debt, assumpsit, &c., where special pleading is not required, the record of a former recovery is conclusive evidence, binding on the party, the court, and the jury; which furnishes to my mind additional evidence of the indefensibility of the distinction which has been attempted of late to be established. I may also remark, that from the report given of the case of Kilheffer v. Herr, it is difficult, if not impossible, to tell how the question could have been properly brought before the Supreme Court.   The writ of error was not for a judgment given in the court below upon a demurrer, special verdict, or case stated; and it does not appear that any direction was given by the court below to the jury on the point, to which exception was, or could be taken.   For all, then, that appears in the case, the Supreme Court, it would seem, could do nothing with it, but affirm the judgment of the court below, whether it was decided according to law or not.   The legal effect of the former verdict and judgment between the parties, as they were given in evidence, without being pleaded, does not appear to have been passed on and decided by the court below.   But, some five years afterwards, in Marsh v. Pier, 4 Rawle, 273, in an action of replevin, brought for certain goods by Pier v. Marsh, in which Marsh pleaded property, and issue being taken thereon, Marsh, upon the trial of the cause, among other things, offered in evidence the verdict and judgment of another court of concurrent jurisdiction rendered against Pier, the plaintiff, in an action brought by him to recover the price or value of the same goods against a W. Natt & Co., from whom Marsh, the defendant, in the replevin derived his claim and right of property to the goods, by purchase.   The court below rejected the evidence, but this court held, that it was not only admissible under the plea of property, but, when

admitted, would have been *conclusive,* and have been a *bar* to Pier's right to recover in the replevin. I am still, therefore, of opinion, notwithstanding what was said in Kilheffer *v.* Herr, that the conclusive effect of a former judgment on the same point, or matter of controversy, between the same parties or their privies, is precisely the same, whether pleaded, or given in evidence without being pleaded. In conclusion, I beg leave to repeat what Professor Greenleaf has said in the 531st section of his treatise on Evidence, vol. 1. "It is agreed, that where there has been no opportunity to plead a matter of estoppel in bar, and it is offered in evidence, it is equally conclusive as if it had been pleaded. And it is further laid down, that when the matter to which the estoppel applies, is alleged by one party, and the other, instead of pleading the estoppel, choses to take issue on the fact, he waives the benefit of the estoppel, and leaves the jury at liberty to find according to the fact. This proposition is admitted, in its application to estoppels, arising from an act of the party himself, in making a deed or the like; but it has been denied in its application to *judgments* recovered, for it is said the estoppel in the former case is allowed for the benefit of the other party, which he may waive; but the whole community have an interest in holding the parties conclusively bound by the result of their own litigation. And it has been well remarked, that it appears inconsistent that the authority of a *res judicata* should govern the *court,* when the matter is referred to them by pleading, but that a *jury* should be at liberty altogether to disregard it, when the matter is referred to them in evidence; and that the operation of so important a principle should be left to depend upon the technical forms of pleading in particular actions." He then concludes, "And notwithstanding there are many respectable opposing decisions, the weight of authority, at least in this country, is believed to be in favour of the position, that where a former recovery is given in evidence, it is equally conclusive in its effect as if it were specially pleaded by way of estoppel."

The judgment of the court below is reversed, and a venire facias de novo awarded.