# Raisig *v.* Graf.

*Res adjudicata—Prior judgment—Accounts.*

A judgment of a proper court, being a sentence or conclusion of law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon the court and juries ever afterwards, as long as it shall remain in force and unreversed.

The rule extends to every question in the proceedings which was legally cognizable, and applies whenever a party has neglected the opportunity of trial, or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding.

Where a suit involved a settlement of accounts, and an item of overpayment is disclosed by the defense, but the plaintiff does not allege surprise nor ask for a continuance, nor except to the submission of the case as presented to the jury by the trial judge, and does not move for a new trial, the judgment entered on a verdict for the defendant is res adjudicata as to every item in the account including the item of overpayment, and a subsequent action cannot be maintained by the plaintiff to recover the amount of such overpayment.

Argued April 22, 1901.    Appeal, No. 151, April T., 1901, by

defendant, from judgment of C. P. No. 2, Allegheny County, July T., 1899, No. 263, on verdict for plaintiff in case of L. A. Raisig & Company for use of W. I. Mitchell v. P. L. Graf. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on an account. Before FRAZER, P. J.

At the trial it appeared that at one time the defendant was the bookkeeper of Raisig & Company and in the books of the firm he kept a personal account. In December, 1893, the firm made an assignment for creditors to W. I. Mitchell. In April, 1898, Mitchell brought an action against Graf to recover $200, the amount of a check which had been paid to him, and which had not been charged in his personal account. The defendant alleged that he used the proceeds of the check to pay an accommodation note of May 12, 1893, which fell due upon the date of the check. The defendant offered the note in evidence. Upon cross-examination of Graf the plaintiffs ascertained that the accommodation note of Graf had been credited upon his account, but never debited. Defendants contended that consequently there had been an overpayment of $300, to defendant. A verdict and judgment was entered for defendant in the first suit. The plaintiff paid the costs and instituted the present suit. Defendant presented this point:

2. It being the undisputed evidence that in the former action, at No. 351, April term, 1898, between the same parties, the plaintiffs, in their statement and on the trial, claimed " that on June 15, 1893, the said defendant received from the plaintiffs, L. A. Raisig & Company, a check in the sum of $300 payable to the order of the defendant, which said check was indorsed by said defendant and the money paid to him. That said check, by some oversight, error or other cause, was not charged to the said defendant in his said account on the books of the plaintiffs. That the said defendant, as appears by the said checks, has been overpaid in the sum of $350, the amount not charged to his account, " the verdict and judgment for the defendant in that case establishes that the defendant has not been overpaid in the said sum of $350 or any part thereof ; and it being the undisputed evidence that the check offered in the present action and marked " Exhibit No. 2 " is the same

check for $300 above mentioned and referred to in the former
action, and that the failure to charge it to the defendant in his
account produced the alleged error of $300 in his account, and
led to the overpayment thereof for which recovery is now
sought, it appears that the former adjudication is a bar to the
plaintiffs' claim, and the verdict must be for the defendant.
*Answer*: Refused. The verdict and judgment in the former
case determined no more than that the $300 check was given
for the purpose of paying the $300 note of May 12, 1893, and
was used for that purpose.

Verdict and judgment for plaintiff for $408. Defendant ap-
pealed.

*Error assigned* amongst others was (2) above instruction,
quoting it.

*William Yost*, for appellant.—The adjudication in the former
action extends to every question legally cognizable therein:
Schwan v. Kelly, 173 Pa. 71; Stevens v. Hughes, 31 Pa. 386;
Lewis v. Nenzel, 38 Pa. 222; Haneman v. Pile, 161 Pa. 599;
Kilheffer v. Herr, 17 S. & R. 319; Finley v. Hanbest, 30 Pa.
195; Hess v. Heeble, 6 S. & R. 57; Buck v. Wilson, 113 Pa.
423.

The following cases clearly show that where the "plaintiff
might have offered evidence" of the claim in the former action,
the adjudication is conclusive: Sykes v. Gerber, 98 Pa. 179;
Brenner, Trucks & Co. v. Moyer, 98 Pa. 274; Danziger v. Wil-
liams, 91 Pa. 234; Myers v. Kingston Coal Co., 126 Pa. 582;
Frauenthal's Appeal, 100 Pa. 290; Bolton v. Hey, 168 Pa. 418;
Bell v. Allegheny County, 184 Pa. 296.

An adjudication bars incidental and cognate matters, though
not pleaded: Head v. Meloney, 111 Pa. 105; Griffin v. Long
Island R. R. Co., 102 N. Y. 452.

*R. A. Balph*, with him *James Balph*, for appellee.—Evidence
may be offered to show what transpired at the former trial, pro-
vided it does not contradict the record: Carmony v. Hoober, 5
Pa. 305; Zeigler v. Zeigler, 2 S. & R. 286; Wilson v. Hamil-
ton, 9 S. & R. 423.

A former judgment is not conclusive of anything which was

not directly decided by it or was material to the decision: Tams
v. Lewis, 42 Pa. 410; Kille v. Ege, 82 Pa. 111; Coleman's
App., 62 Pa. 272; Northumberland County Bank v. Eyer, 58
Pa. 97.

OPINION BY ORLADY, J., July 25, 1901:

There is no rule of legal practice of higher value than that
which arrests the strife of litigation by declaring that one suit
and judgment is an end of controversy as to all matters in issue,
and which ought to have been put in issue: Rockwell v. Langley,
19 Pa. 502. Where the evidence in the second suit would have
been equally available in the first suit, then the verdict and
judgment in the first is an absolute bar to any recovery in the
second: Logan v. Caffrey, 30 Pa. 196; Hill v. Joy, 149 Pa. 243;
Pennock v. Kennedy, 153 Pa. 579; Amrhein v. Quaker City
Dye Works, 192 Pa. 253. A judgment of a proper court, being a
sentence or conclusion of law upon the facts contained within the
record, puts an end to all further litigation on account of the same
matter, and becomes the law of the case, which cannot be changed
or altered, even by the consent of the parties, and is not only
binding upon them, but upon the court and juries ever after-
wards, as long as it shall remain in force and unreversed: Bol-
ton v. Hey, 168 Pa. 418. A contrary doctrine subjects the
public peace and quiet to the will or neglect of individuals,
and prefers the gratification of a litigious disposition on the
part of suitors to the preservation of the public tranquillity and
happiness: Marsh v. Pier, 4 Rawle, 273; Bell v. Allegheny
County, 184 Pa. 296. The binding effect of a former adjudica-
tion depends upon the identity of the rights involved, not on
the evidence, or of the arguments used: Myers v. Kingston
Coal Company, 126 Pa. 582. The rule extends to every ques-
tion in the proceedings which was legally cognizable, and ap-
plies whenever a party has neglected the opportunity of trial,
or has failed to present his cause or defense in whole or in part
under the mistaken belief that the matter would remain open
and could be made the subject of another proceeding: Schwan
v. Kelly, 173 Pa. 65.

Measured by these well established rules the present action
must fail for the reason that the plaintiff's claim was or could
have been disposed of in the first action. The demand grew

out of a dispute as to the correct balance of a statement of personal account of F. L. Graf with Raisig & Company in which certain checks were included as items of debit and credit.

The use plaintiff testified on the second trial that the error in this private account and the whole dispute in the transaction was claimed in the former suit, and gave as a reason for not claiming for the specific item sought to be recovered in the second action that, "we didn't understand the account at that time." The whole account was before the court at the former trial, the books were introduced in evidence, the use plaintiff testified in regard to the items and no particular item of the account could be said to be merely incidental to that case, inasmuch as the plaintiff's right to recover anything involved an examination of the entire transaction as well as the identity of the disputed checks to which the action was intended by the plaintiff to be limited. Each and every one was or could have been put in issue on that trial, as the use plaintiff admits that the amount claimed in the second trial was the identical check which is described in the statement in the former trial as "by some oversight, error or other cause was not charged to the said defendant in his said account on the books of the plaintiff," and that "the overpayment set out in the two statements is exactly the same overpayment. . . . We never knew anything about that accommodation note when that first suit was brought; the first we knew of it was when they showed what the $300 check was." The first suit was to recover the amount of a $300 check of June 15, and the second suit was to recover $300 which was overpaid him in the settlement of December 5.

The first trial resulted in a verdict for the defendant, thereupon the plaintiff paid the costs and brought this action. The plaintiff did not allege surprise at the defense adduced at the first trial; he did not ask for a continuance; he did not except to the submission of the case as then presented to the jury by the trial judge; he did not move for a new trial and he is conclusively bound by the adjudication even though the former judgment was erroneous. Under the foregoing authorities the former judgment is a bar to this action and the judgment is reversed.