# Burt *v.* North Philadelphia Trust Company, Appellant.

*Res adjudicata—Banks and banking—Assumpsit for deposit—Trespass for dishonoring a check—Actions.*

Where a depositor sues a bank in assumpsit for his money on deposit, and recovers a final judgment for the same with interest as damages for its detention, he cannot thereafter maintain an action of trespass to recover damages for injuries to his credit caused by the refusal of the bank to pay on his orders and demand the same money.

Argued Oct. 13, 1910. Appeal, No. 118, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1905, No. 3,856, on verdict for plaintiff in case of John E. Burt v. North Philadelphia Trust Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for dishonoring a check. Before BRÉGY, J.

At the trial the jury returned a verdict for plaintiff for $483.50. Subsequently the court entered judgment on the verdict dismissing defendant's motion for judgment non obstante veredicto.

*Error assigned* was in dismissing defendant's motion for judgment non obstante veredicto.

*F. L. Clark*, of *Peck, Shields & Clark*, for appellant.—
The legal principle involved is that a plaintiff cannot bring
two separate suits for one cause of action: Hyde v. Kiehl,
183 Pa. 414.

A depositor can sue in assumpsit or he can sue in tres-
pass: First Nat. Bank of Tamaqua v. Shoemaker, 117 Pa.
94; Citizens' Nat. Bank v. Bank, 119 N. Y. 195 (23 N. E.
Repr. 540); Burroughs v. Tradesmen's Nat. Bank, 87
Hun, 6; Marzetti v. Williams, 1 Barn. & Adol. 415; Rolin
v. Steward, 14 C. B. 595; Hopkinson v. Forster, L. R. 19
Eq. 74; Larios v. Gurety, L. R. 5 P. C. 346.

Having chosen the form of remedy and pursued it to
judgment no further action will lie: Kilheffer v. Herr, 17
S. & R. 319; Marsh v. Pier, 4 Rawle, 273; Gilchrist v.
Bale, 8 Watts, 355; Man v. Drexel, 2 Pa. 202; Carvill v.
Garrigues, 5 Pa. 152; Miller v. Wilson, 24 Pa. 114; Simes
v. Zane, 24 Pa. 242; Corbet v. Evans, 25 Pa. 310; Logan v.
Caffrey, 30 Pa. 196; Alcott v. Hugus, 105 Pa. 350; Head
v. Meloney, 111 Pa. 99; Buck v. Wilson, 113 Pa. 423;
Hill v. Joy, 149 Pa. 243; Bendernagle v. Cocks, 19 Wend.
207; Pennock v. Kennedy, 153 Pa. 579; Schwan v. Kelly,
173 Pa. 65; Eisenhower v. School Dist., 13 Pa. Superior Ct.
51; Raisig v. Graf, 17 Pa. Superior Ct. 509; Jenkins v.
Scranton, 205 Pa. 598; Roney v. Westlake, 216 Pa. 374;
Griffin v. R. R. Co., 102 N. Y. 449 (7 N. E. Repr. 735);
Norton v. Doherty, 69 Mass. 372; Trask v. R. R. Co., 84
Mass. 331.

The operation of the rule is independent of the form of
action: Finley v. Hanbest, 30 Pa. 190.

The evidence in the second suit would have been equally
available in the first suit: Raisig v. Graf, 17 Pa. Superior
Ct. 509.

*Oliver E. Shannon*, with him *Wendell P. Bowman*, for
appellee, cited: Stradley v. Cement Co., 19 Pa. Dist. Rep.
45; Patterson v. Marine Nat. Bank, 130 Pa. 419; Rolin v.
Steward, 14 C. B. 595; Birchall v. Third Nat. Bank, 15
W. N. C. 174.

OPINION BY MORRISON, J., March 3, 1911:

This is an action of trespass brought to recover damages for the refusal of the defendant company to pay checks drawn by the plaintiff against his deposit with it, and for paying the money by the defendant to another party.

On July 14, 1904, the plaintiff was a depositor in the defendant company. A dispute arose as to the amount and ownership of his deposit. Afterwards he drew several checks against his deposit, payment of which were refused. A year after payment of the last check was refused he sued the defendant in assumpsit and declared for the amount of his deposit, with interest. That suit was begun on August 31, 1905, and final judgment was entered therein on October 9, 1905, for $474.67, being the amount of the plaintiff's claim with interest, and this judgment and costs were paid by the defendant.

On November 13, 1905, the plaintiff began a suit in trespass for damages alleged to have been caused by the refusal of the defendant company to pay on demand the same money recovered in the above action of assumpsit. This latter suit was tried in common pleas No. 1 of Philadelphia county, and on February 17, 1910, a verdict rendered in favor of the plaintiff for $483.50. Before verdict defendant's counsel moved the court to instruct the jury that, "Under all the evidence the verdict must be for the defendant." This point was refused and the case went to the jury. After verdict defendant moved for judgment non obstante veredicto upon the whole record. The court dismissed this motion and judgment was entered for the plaintiff upon the verdict. To this action of the court a bill of exceptions was sealed at request of defendant's counsel, and the defendant appealed.

The trial and final judgment in the assumpsit case settled the question that the defendant was in the wrong in refusing to pay plaintiff's checks and in paying over his deposits to another party, and we do not propose to discuss the merits of that case. That judgment established the fact that the defendant had money of the plaintiff

which it refused to pay on his orders and demand and that he was entitled at least to recover damages equal to the amount of his money and interest thereon and he might have recovered in that suit any damages he may have suffered by reason of the breach of duty by the defendant company. At the trial of the trespass case both plaintiff and defendant put in evidence the full record of the trial and judgment in assumpsit between the present plaintiff and defendant, in common pleas of Philadelphia county at No. 5147, June Term, 1905. The declaration, in the latter case claimed the money deposited with the defendant company by the plaintiff and interest thereon, and the result was a judgment for the plaintiff for $474.67. The declaration contained no count for damages other than the amount of money on deposit and interest thereon from July 28, 1904. At the trial and here it was conceded that the said assumpsit suit and the present trespass case are between the same parties, and that the cause of action in both cases grew out of the refusal of the defendant company to pay the same money on deposit with it on plaintiff's demand.

The single assignment of error is: "The Court below erred in dismissing the defendant's motion for judgment non obstante veredicto upon the whole record, as follows," etc., quoting the motion.

The single question raised for our decision is, Could the plaintiff sue in assumpsit for his money on deposit with the defendant company and recover a final judgment for the same, with interest as damages for its detention, and thereafter sue and recover in this action of trespass damages to his credit, or otherwise, for the refusal of the defendant to pay on his orders and demand the same money? We are without doubt that this question must be answered in the negative, and our purpose here will be to demonstrate as briefly as may be, from the text-writers and decided cases running back nearly to the Revolution, that the first judgment when put in evidence in the present case was a complete bar and the court should have directed

a verdict in favor of the defendant, and failing to do this, the court ought to have entered judgment for the defendant non obstante veredicto.

The principle here involved is that a plaintiff cannot bring two separate suits for one cause of action and carry both suits to final judgments. Decisions in all jurisdictions establish the principle that a plaintiff cannot try his suit in parts. There is no doubt about this rule. The principle has been stated in the text-books thus: "A controversy once determined, resulting in a final judgment upon the merits, by a tribunal having jurisdiction of the person and the subject-matter of the action, is conclusive of the cause of action and all the essential facts in said action against the parties, their personal representatives, assignees and privies in every other tribunal, and not only concludes such parties and their privies in a subsequent action based upon the same cause or causes, but in any action that may be instituted between them and their privies:" 1 Herman on Estoppel, sec. 133.

"A judgment decides every matter which pertains to the cause of action or the defense set up, or which is involved in the measure of relief to which the cause of action or defense entitles the party, even though such matter may not be set forth in the pleadings, so as to admit proof and call for an actual decision upon it. Whenever a matter is adjudicated and fully determined by a competent tribunal, it is considered forever at rest:" 1 Herman on Estoppel, sec. 125.

"Rejecting, therefore, all those portions of the pleading which describe the remedy or the relief demanded, the inquiry should be directed exclusively to the allegations of fact which set forth the primary right of the plaintiff and the wrong done by the defendant. If one such right alone, however comprehensive, is asserted, and if one such wrong alone, however complex, is complained of, but one cause of action is alleged:" Pomeroy's Code Remedies (4th ed.), sec. 351. When the plaintiff deposited his money with the defendant company and the latter

refused to pay the same on demand, this constituted the breach of the depositor's primary right, and was the "cause of action" on which the plaintiff's remedial right is based. When this breach occurred the plaintiff's remedial right resulted and the law gave him a remedy and it was one of two possible kinds of remedies. The relation between banker and depositor results in an implied contract between them. When that contract is broken the law provides a remedy for the breach. That remedy may be by an action in assumpsit or under our procedure an action of trespass. In any event, the remedy is by a suit against the bank.

The plaintiff's cause of action was damages resulting from the refusal of the defendant company to pay his money on deposit with it on demand, and the plaintiff was bound to recover all of the damages he suffered thereby in one suit. Whether that suit should be in assumpsit or trespass on the case was at the option of the plaintiff. We think the authorities are uniform on this point. In First Nat. Bank of Tamaqua v. Shoemaker, 117 Pa. 94, the Supreme Court held: "That a depositor could sue the bank to recover damages for dishonoring his check, or he could bring an action in assumpsit to recover the amount of his deposit as for money had and received; . . . . that he may sue the bank in tort for the wrong done, or in assumpsit for the breach of the implied contract to honor promptly the customer's checks. In such action nominal damages may be recovered though no actual damages be shown." That case alone decides that the plaintiff was bound to declare for and recover his damages in the action of assumpsit.

In Citizens' Nat. Bank v. Bank, 119 N. Y. 195, it was decided that a failure of a bank to obey an order for the payment of money standing to the credit of the drawer of the check was a breach of the defendant bank's duty and contract, for which it is legally liable either in tort, or upon the contract. To the same effect is Burroughs v. Tradesmen's Nat. Bank, 87 Hun, 6. In England the law is the

same. In Marzetti v. Williams, 1 Barn. & Adol. 415, the action was for nonpayment of a check and the declaration sounded in tort. TENDERDEN, Chief Justice, delivering the opinion, said: "Now this action is, in fact, founded on a contract, for the banker does contract with his customer that he will pay checks drawn by him, provided he, the banker, has money in his hands belonging to that customer. . . . It is immaterial in such a case whether the action in form be in tort or in assumpsit. It is substantially founded on a contract; and the plaintiff, though he may not have sustained a damage in fact is entitled to recover nominal damages." PARKE, J., concurring said: "This action being substantially founded on a contract I think it can make no difference whether it is in form tort or assumpsit." The principle is affirmed again in Hopkinson v. Forster, L. R. 19 Eq. 74. It will be noticed that all of the cases agree that a depositor may sue the bank in tort for the wrong done or in assumpsit for the breach of the implied contract; that a bank is legally liable either in tort or upon the contract. But none of the cases hold that the bank is liable to the depositor in an action of tort and of assumpsit.

The important fact for consideration in the present case is that there is one wrong and only one when a bank refuses to pay a deposit on a depositor's order. The law often gives a choice of remedies but never did allow a man to have two civil remedies for the same wrong, and permit him to pursue one and then the other. A double civil satisfaction for the same wrong is unknown to the law. It is clear that the right of action which the plaintiff had when the defendant company refused to pay his deposit resulted from the relation between banker and depositor. The refusal of the bank to pay was the cause of action, and from this his remedy sprung.

On August 31, 1905, plaintiff sued in assumpsit. He could at that time have done one of three things—First: He could have sued in assumpsit and claimed not only his deposit and interest thereon, but damages for breach

of the implied contract and any special injury resulting therefrom. This is clear from the authorities already cited. But in Zell v. Dunkle, 156 Pa. 353, the Supreme Court, in an opinion by Mr. Justice WILLIAMS, expressly decided that damages for negligence can be obtained in an action of assumpsit. In Larios v. Gurety, L. R. 5 P. C. 346, it was argued that the cause of action being merely the breach of an agreement to pay money, no damages could be recovered except the principal and interest. But the court held that the plaintiff was entitled to "general and substantial damages," to which should be added the balance on deposit. Second: He could have sued in trespass. This is clear and appears from the authorities already cited. Third: He could have sued in assumpsit and claimed simply his deposit and interest. Of the three possible remedies which the law gave him he chose the latter, and by that choice he is bound. This principle is as old as the law itself. It is embodied in the maxim "Nemo debet bis vexari pro eadem causa." This principle is set forth by text-writers and by courts in many forms and in many cases. One statement of the rule is: "In all personal actions concerning goods, chattels and debt, a recovery in one action is a bar in another, and there is an end of the controversy; the judgment which is the fruit of the action, concludes the existence of the right:" 2 Troubat & Haly's Prac. (5th ed.), sec. 1615. This principle is recognized in Kilheffer v. Herr, 17 S. & R. 319, also in Marsh v. Pier, 4 Rawle, 273. In Gilchrist v. Bale, 8 Watts, 355, the plaintiff sued in trespass on the case for enticing away his wife. The defendant offered in evidence in bar a former suit by the plaintiff for assaulting and debauching his wife. The lower court rejected the evidence, and on appeal the judgment was reversed by the Supreme Court. To the same effect is Man v. Drexel, 2 Pa. 202. In Carvill v. Garrigues, 5 Pa. 152, the Supreme Court said: "No principle is clearer or better settled, than that a party cannot separate one entire cause of action into parts and sue for one on one occasion,

and for the other at another." In Miller v. Wilson, 24 Pa. 114, BLACK, Chief Justice, said: "But on a tort, or on a duty or promise, which has already been violated as grossly as it ever can be, there is but one action, and in that the injured party must have full justice." Simes v. Zane, 24 Pa. 242, is to the same effect. In that case the Supreme Court said: "The right which Zane had to elect one out of several forms of action, is not a right to split up his claim into several actions, or to supplement an incomplete remedy which he may have chosen, by giving him another in addition. . . . But the rule that prevents him from splitting up his cause of action into several fragments, takes away his right of action for the residue entirely. Having once claimed by action or defense a part of an undivided subject-matter, the law allows him no remedy for the other part, else there could be no limit to litigation. Corbet v. Evans, 25 Pa. 310, is to the same effect.

In Logan v. Caffrey, 30 Pa. 196, there was an action for wages and some of the items were withdrawn for want of evidence. Judgment was entered for the balance. Then the plaintiff brought action for the items withdrawn in the first suit. The defendant offered in evidence the record of the former suit. There was a verdict for the plaintiff but the Supreme Court reversed the judgment thereon. In that case, among other things, the Supreme Court said: "So where a tort consists in wrongfully taking several chattels, a plaintiff is not at liberty to split up his cause of action into as many parts as there are chattels; but if he recovers in an action for part, it concludes him as to the whole." Alcott v. Hugus, 105 Pa. 350, is another case to the same effect; see also Head v. Meloney, 111 Pa. 99; Buck v. Wilson, 113 Pa. 423.

Another important case is Hill v. Joy, 149 Pa. 243. The plaintiff had leased oil lands to the defendant, and was to receive a portion of the oil. He sued the defendant and recovered a verdict for royalties due him for oil taken out of the land. He then sued again, claiming damages

for the defendant's failure to operate for oil on the whole of the land leased. The court held the first suit barred the second, and entered judgment for the defendant. See also Pennock v. Kennedy, 153 Pa. 579; Schwan v. Kelly, 173 Pa. 65; Eisenhower v. School Dist., 13 Pa. Superior Ct. 51; Raisig v. Graf, 17 Pa. Superior Ct. 509.

In Bendernagle v. Cocks, 19 Wendell, 207, the court held: "All damages accruing from a single wrong, though at different times, make but one cause of action; and all debts or demands already due by the same contract make one entire cause of action. Each comes under the familiar rule, that if a party will sue and recover for a portion, he shall be barred of the residue." Griffin v. Long Island R. R. Co., 102 N. Y. 449, contains a clear and concise statement of the law on this question.

The operation of the rule we have been discussing is independent of the form of action, This was expressly decided in Finley v. Hanbest, 30 Pa. 190, where Mr. Justice WOODWARD, speaking for the Supreme Court, said: "It is not material, I agree, that the former suit was in tort, and this one in contract; for where the same matter has been previously adjusted, the effect of the adjudication is not dependent upon the form of action."

The court below and the counsel for appellee seem to rely entirely upon the two cases of Patterson v. Marine Nat. Bank, 130 Pa. 419. Those cases are well reported and they grew out of a transaction quite similar to the one giving rise to the present suit and the former action of assumpsit to which we have referred. On December 31, 1887, to No. 508, January Term, 1888, in the court below, the plaintiff brought assumpsit against the Marine National Bank of Pittsburg to recover a balance alleged to be due the plaintiff upon a deposit account opened by him with the defendant bank. Issue. On the same day, to No. 509 of the same term, an action in case, between the same plaintiff and defendant, was brought to recover damages for a refusal by said bank to honor a check drawn by the plaintiff upon his said account. Issue. The two

cases were tried together on February 11, 1889, before the court and the same jury and a verdict and judgment thereon was recovered in each case. It does not appear that the court below made any order requiring the cases to be tried together, and the inference is irresistible that the counsel representing the respective parties must have agreed to so try the cases. The verdicts and judgments were rendered and entered at the same time. It does not appear in the report of the cases that any question was raised in the court below as to the right of the plaintiff to bring and carry on the two suits to judgment. In fact the cases were tried substantially as if one suit had been brought and the plaintiff had declared for the money on deposit and interest thereon, and for the damages he sustained by reason of the bank refusing to honor his checks and to pay the money on demand. Another thing to be noticed is that the cases being tried together neither one could have been offered as a bar to the other since no final judgment was obtained in one before the other. The cases were appealed to the Supreme Court and the assignments of error there raised no question as to the right of the plaintiff to maintain and recover in the two suits. Of course the Supreme Court would not raise and decide any questions that were not raised in the court below and the disposition of them assigned for error. We therefore consider those cases as having no bearing whatever upon the present case. The counsel for the respective parties saw fit in those cases to try them both together upon their merits without raising any question as to the method of procedure, and the Supreme Court simply determined that there was no reversible error raised by the assignments of error. In disposing of the present case the court below said that he was controlled by Patterson v. Marine Nat. Bank, 130 Pa. 419, and added: "In that case it is true that the two suits were tried together and the point now raised was not there brought to the attention of the court."

Doubtless the method of trying the cases resulted in the

plaintiff recovering double damages, but that was no fault of the court. The defendant's counsel could have avoided that result by asking the court to compel the plaintiff to elect upon which case he would go to trial and staying proceedings in the other case until final judgment was reached in the case elected to be tried. Then if the plaintiff moved for trial in the remaining case, the former one could have been pleaded and put in evidence in bar of the latter. By the method pursued in trying both cases together it is highly probable that the jury practically allowed the plaintiff damages equal to the amount of his money and interest in each suit, but if the cause of action had been tried in one suit, the plaintiff might not have recovered more than nominal damages in excess of his money and interest thereon.

It is idle to contend that the Supreme Court, in the brief opinion filed, intended Patterson v. Marine Nat. Bank, 130 Pa. 419, to overrule the long line of cases upon the subject involved in the present controversy, running from the organization of our courts down to the present time.

There is an additional reason why the action in assumpsit was a bar to the present suit and that is that the evidence in the second suit would have been equally available in the first suit. In Raisig v. Graf, 17 Pa. Superior Ct. 509, we said: "When the evidence in the second suit would have been equally available in the first suit, then the verdict and judgment in the first suit is an absolute bar to any recovery in the second." The foregoing rule is supported by many Supreme Court cases. It requires no argument to demonstrate that the evidence competent to sustain the plaintiff's claim in the second suit would have been competent and pertinent in the action of assumpsit.

The assignment of error is sustained, and we now direct the court below to enter judgment on the whole record in favor of the appellant non obstante veredicto, with all costs, including those of this appeal.