## Blackburn *et al.,* Executors, *versus* Watson.

1. The plea of pendency of a former action cannot be sustained where in the one case the action is against a firm, on a joint or firm endorsement, and in the other is against one of the firm alone, and upon a several liability in which the partnership has no interest and which can involve it in no responsibility.

2. The plea in abatement is a dilatory plea, and the defendant can have no other judgment than that the writ be quashed.

October 12th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1877, No. 151.

Assumpsit by Harriet Blackburn and James Bonbright, executors of Oliver Blackburn, deceased, against James Watson, for the recovery of $7885.50, being, as alleged in the *narr.,* the aggregate amount of six promissory notes made by Oliver Ormsby to the order of R. & J. Watson, and purporting to be endorsed by said R. & J. Watson, which notes James Watson, the defendant, fraudulently and deceitfully passed to Oliver Blackburn, as bearing the genuine and bona fide endorsement of the firm of R. & J. Watson, whereas, in fact, the said James Watson had fraudulently endorsed and used the name of said firm, without its knowledge or consent,

4 NORRIS—16

[Blackburn *v.* Watson.]

for his individual purpose, and thereby deceived and defrauded the plaintiffs.

In answer to the plaintiffs' declaration, the defendant filed a plea, wherein he prayed judgment of the said writ and declaration, because before the suing out of said writ and filing of said declaration, to wit, on the 12th day of April 1865, at No. 75 of June Term 1865, in the Court of Common Pleas of Allegheny county, the said plaintiff impleaded the said defendant, and exhibited his certain declaration against him in a certain plea of trespass on the case upon and for the not performing of the very same identical promises and undertakings in the said declaration in this present suit mentioned, as by the record and proceedings thereof remaining in the said court, aforesaid, more fully appears. And the said defendant further saith that the parties in this and said former suit are the same, and not other and different persons (except that one John Watson and one Robert Watson, impleaded as defendants in the said former suit, are not impleaded in the present suit), and that the said former suit so brought and prosecuted against the said defendant by the plaintiffs as aforesaid is still depending in the said Court of Common Pleas of Allegheny county, and this the said defendant is ready to verify. Wherefore he prays judgment of the said writ and declaration in this suit, and that the same may be quashed, &c.

The plaintiffs replied :—

1. That their said writ and declaration ought not to be quashed, because they say that the said several promises were not, nor were any of them, made by the said defendant jointly with the said John Watson and Robert Watson, in manner and form as the said defendant has in his said plea alleged, and this the plaintiffs pray may be inquired of by the country, &c.

2. And for further replication in this behalf, the said plaintiffs say that notwithstanding anything by the said defendant in his said plea alleged, the said defendant ought to be compelled to answer the writ and declaration aforesaid, because they say that they issued their said writ and declared thereon, not for the cause of action in the said plea mentioned, but for another and different cause of action in the said declaration mentioned, being other and different promises than those in said plea, and this the plaintiffs are ready to verify ; wherefore they pray judgment, &c.

The case being on the trial list, came on for trial May 8th 1874, when the court, it appearing to them that the only plea was that of abatement, ordered that the case be stricken off and placed on the argument list, for argument on that plea.

After argument judgment was entered for defendant.

The plaintiffs then took this writ, assigning for error the entering of this judgment and the striking the case off the trial list.

*Thomas M. Marshall* and *A. M. Brown* for plaintiffs in error.—
The record in this case exhibits not only a denial of right, but
the infliction of positive injustice upon the plaintiffs. Denied, in
the first instance, their constitutional right of trial by jury, and
subsequently subjected to a summary judgment, entered by the
court, without previous trial or verdict upon the issue raised by
the pleading, the plaintiffs yet fail to perceive any grounds for the
proceedings or practice by which this determination of the case was
reached.

It was claimed by the defendant below that the issues raised on
the plea and replications were to the court, and not for trial by
jury. The replications traversed all the material allegations of
the plea, and raised questions of fact which could only be properly
tried by a jury.

*Alexander M. Watson* and *George Shiras, Jr.*, for defendant
in error.—It is plain that the plaintiffs' replication to the plea in
abatement was, in effect, an allegation of *nul tiel* record. This issue
was determined, as of right it should have been, by the court on
inspection of the record: Comyn's Digest, Abatement, L. Upon
a plea in abatement of the pendency of another action for the same
cause, concluding with a *prout patet per recordum*, it is sufficient
to satisfy the plea if the writ be produced: Commonwealth *v.*
Churchill, 5 Mass. 174. But the judgment of the court may be
sustained on grounds independent of the issue of *nul tiel* record.
The declaration discloses no cause of action. The endorsement
alleged was an accommodation endorsement, and known to have been
such by the plaintiffs when they procured the endorsement to be
made, and no consideration is averred to have existed, either as
between the endorser and the maker of the notes, or as between
the plaintiffs and the endorsers.

Moreover, no legal damage is averred to have been suffered by
the plaintiffs by reason of the alleged action of James Watson in
professing to have been authorized to use the firm name in an
accommodation endorsement.

Mr. Justice GORDON delivered the opinion of the court, Novem-
ber 5th 1877.

The former suit, the pendency of which was pleaded in abatement
of the one now being tried, was by Oliver Blackburn against Robert
Watson, James Watson and John Watson, partners, doing business
as R. & J. Watson. This firm, by the pleadings, is charged as
endorser of certain promissory notes passed by it to the plaintiff.
The suit, now before us, is against James Watson alone, and the
declaration charges his liability, on these same notes, as arising
from his having, fraudulently and without authority, endorsed the
firm name thereon and so passed them to the plaintiff.

[Blackburn *v.* Watson.]

It was said in Cornelius *v.* Vanarsdallen's Adm'r., 3 Barr 434, that to sustain the plea of the pendency of a prior action it is necessary, not only that the cause of action, but the parties also be the same. Tried by this rule and the plaintiff below has no standing under his plea, since an inspection of the records in the two cases at once reveals the fact that the parties defendant are not the same. In the one case the action is against a firm—on a joint or firm endorsement; in the other the action is against James Watson alone, and upon a several liability in which the partnership had no interest, and which can involve it in no responsibility. It is, hence, apparent that the judgment of the court below, on the plea in abatement, was erroneous.

It has been urged that there are other grounds, apparent in the pleadings, on which the judgment should be sustained. But this is not so, for the plea in abatement is a dilatory plea and the defendant can have no other judgment than that the writ be quashed; hence, it is manifest, however apparent it may be from the plaintiff's *narr.*, that he has no good cause of action, yet a general judgment cannot, for such cause, be entered against him in the issue now pending. If the declaration is faulty advantage thereof may be taken on demurrer, but of this we can take no notice, for, as the matter now stands, we examine the records only so far as is necessary to determine the questions raised by the plea in abatement.

Judgment reversed, and a *procedendo* awarded.