## Julius P. Billington, to Use, etc., Plff. in Err., *v.* Gautier Steel Company, Limited.

A plaintiff who recognizes a party as an officer of a company defendant, for the purpose of bringing it into court, is estopped from treating him as a stranger and denying his right to present any defense that may be properly interposed on behalf of the company, as the nonexistence of the company by decree of dissolution.

An affidavit of defense, averring facts which furnish the necessary material for a formal plea in abatement, is sufficient to prevent judgment.

In an action of debt upon a duly certified record of a Canadian judgment, the summons was returned: "Served on the Gautier Steel Company, Limited, a partnership association under the act of June 2, 1874, and its supplements, by giving a true and attested copy of the within writ to William S. Robinson, secretary of said company, etc." Robinson filed an affidavit in which he averred that the association had been dissolved by decree of court and its business settled and that he, the deponent, had no authority to act for the defendant. The affidavit further disclosed that, before the summons was issued, the same court which had decreed the dissolution had, on the petition of the use plaintiff representing that suit had been brought. on the claim and an appearance entered for the defendant before, but judgment entered after, the decree of dissolution, rescinded the decree of dissolution, and entered a decree restoring the company to all its rights and privileges and subject to all its liabilities. Held, that the affidavit was sufficient to prevent judgment.

*It seems* that a duly certified record of a Canadian judgment, in an action for an alleged tort for furnishing goods which had been paid for but were alleged by the purchaser to be defective in quality, is within the affidavit of defense law.

(Argued March 30, 1887. Decided April 11, 1887.)

---

Cited in Pierson v. Gaskill, 23 Pa. Co. Ct. 116, 30 Pittsb. L. J. N. S. 250, 9 Pa. Dist. R. 554, holding plaintiff not entitled to judgment where affidavit of defense sets forth facts sufficient to furnish material for plea in abatement.

January Term, 1887, No. 146, E. D., before MERCUR, Ch. J., TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 2 of Philadelphia County to review the action of the court in discharging a rule for judgment notwithstanding an affidavit of defense in an action of debt upon an exemplification of record of judgment. Writ dismissed.

The exemplification of record filed, upon which suit was brought, showed, *inter alia,* that the writ was issued against the defendant in the court of Queen's bench in Canada, July 15, 1881; that, on the same date, service was accepted, and on July 25, formal appearance entered for the defendants; that the cause of action was an alleged tort for furnishing goods which had been paid for, but were alleged by the purchaser to be defective in quality; and that judgment was recovered for $357.50 and $608.36 costs, March 30, 1882.

The affidavit of defense, after setting out the facts recited in the opinion of the supreme court, proceeded as follows:

"On April 15, 1886, the petition of the parties to whose use this suit is now marked, was presented to the court of common pleas of Cambria county, setting forth their claim against the said association and praying for a citation to be issued to the surviving liquidating trustees, requiring them to appear and show cause why the said decree of dissolution and proceedings to dissolve the said association should not be opened and set aside, and the said trustees ordered to pay the plaintiff's claim and costs, if any sufficient cause to the contrary should not be shown. Thereupon, a citation was issued in accordance with the prayer of the said petition, and an answer to the same was filed by Powell Stackhouse and this deponent, as survivors of those who had been liquidating trustees as aforesaid, in which answer the respondents set up all the facts and matters connected with the dissolution of the said company, the appointment of the said trustees, the winding up of the business of the said association, and the distribution of the net proceeds of its property and the final discharge of the said trustees as is hereinbefore detailed and set forth.

"Notwithstanding all the said facts were thus brought to the notice and knowledge of the said court in the answer so filed, it entered an order or decree on the fourth day of October, 1886, in the following words:

" 'And now, October 4, 1886, this case having been fully heard on petition, answer, and testimony, it is held and adjudged that the decree of this court of December 12, 1881, decreeing the final dissolution of the said Gautier Steel Company, Limited, be set aside, and the said company be restored to all its rights and privileges, and subject to all its liabilities.' (Reported in 2 Pa. Co. Ct. 399.)

"Notwithstanding the order of court last above recited, this deponent is advised and submits to the court that it was not in the power of the court of common pleas to restore to life and being such limited partnership association after it had been formally and properly dissolved in accordance with the laws of this state, and that such an order of court as last above recited could not and would not restore this deponent to his office of secretary in said association which he held at the time that dissolution of said association was declared in August, 1886.

"Deponent further saith that neither he nor either of his associate liquidating trustees had any notice or knowledge at any time while the said association was carrying on its business, or while they were winding up the business thereof, under the trust aforesaid, that the plaintiff had or held any claim or demand against the said association in any way or manner whatsoever; nor had they any notice of an assertion of claim by the plaintiff until the petition for the vacation of the decree of dissolution was filed on April 15, 1886.

"This deponent also suggests and submits to the court that the copy filed in this case is not such an instrument of writing as entitles the plaintiff to a judgment for want of an affidavit of defense."

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which the court subsequently discharged.

The assignments of error specified the action of the court in discharging the rule for judgment, and in refusing to enter judgment for the plaintiff notwithstanding the affidavit filed.

*John H. Sloan,* for plaintiff in error.—The affidavit of defense filed in this case does not purport to be on behalf of the defendant, but is made by an individual not sued, and on his own behalf. It should, therefore, not be considered. Griel v. Buckius, 114 Pa. 187, 6 Atl. 153.

The dissolution of the association in 1881 was obtained through a proceeding which contained the statement required by the act of assembly, that all debts and liabilities had been paid; this was not so, as the record of the cause in Canada shows that Billington's suit was pending before any steps to dissolve were taken.

There is no defense shown on the merits. There is no allegation of payment, fraud, or want of jurisdiction. The proceedings in Canada were with full notice to the defendant; for they appeared there and employed counsel who contested the cause, all of which is not denied.

The record of this judgment comes within the very words of the affidavit of defense law. Act March 28, 1835 (1 Purdon's Digest, p. 1356).

It has often been decided in Pennsylvania that the records of judgments of foreign (state) courts come within the law. Hogg v. Charlton, 25 Pa. 200; Moore v. Fields, 42 Pa. 467; Luckenbach v. Anderson, 47 Pa. 123; Palmer v. March, 64 Pa. 239; Power v. Winsor, 3 W. N. C. 360.

And there is no difference in principle in this respect between state records and records of foreign countries. It is not our act of Congress for the authentication of records passed in execution of the constitutional provision, which gives them validity under our affidavit of defense law.

For the purpose of judgment for want of a sufficient affidavit of defense, a judgment insufficiently certified under the act of Congress is sufficient. Wetherill v. Stillman, 65 Pa. 105.

This court has held that judgments of other jurisdictions are sufficient under our affidavit of defense law, and this without reference to any rule of court, it being clearly determined that such records are within our act. Moore v. Fields, 42 Pa. 467.

The affidavit of defense law is to be liberally construed. Vulcanite Paving Co. v. Philadelphia Traction Co. 115 Pa. 280, 8 Atl. 777.

Section 1 of article 14 of the Constitution of the United States, providing for the credit to be given to the records, etc., of the states, was adopted at a time when it was still an open question in international law as to the effect of foreign records; but it has since been settled by the courts of all civilized countries that such records are conclusive in the absence of fraud or want of jurisdiction, and therefore none of our cases put the

conclusiveness of such records on the ground of the constitutional provision. 2 Am. Lead. Cas. ed. 1871, pp. 612, 615; 2 Smith, Lead. Cas. 6th Am. ed. 679, 841; Doglioni v. Crispin, L. R. 1 H. L. 301; De Cosse Brissac v. Rathbone, 6 Hurlst. & N. 301; Imrie v. Castrique, 8 C. B. N. S. 415; Lazier v. Westcott, 26 N. Y. 146, 82 Am. Dec. 404.

In the above New York case the whole question, which arose upon a Canadian record, is fully discussed.

In Pennsylvania it has also been held that an Australian judgment showing jurisdiction is binding. Wernet's Appeal, 91 Pa. 321.

As to the suggestion that the judgment in Canada was entered after the decree of dissolution, it is a sufficient answer to say that the decree of dissolution having been entered wrongfully, so far as the steel company was concerned, upon an incorrect statement of the payment of its liabilities, it will be considered as not entered at all; and, indeed, the subsequent decree of October 18, 1886, vacating it, which was entered before this suit was brought, relates, of course, back to the date of the original decree of dissolution; and for that reason also in this proceeding it must be treated as a nullity.

In England a foreign or colonial judgment can be attacked only for want of jurisdiction or fraud. Bank of Australasia v. Nias, 16 Q. B. 717; Notes to Duchess of Kingston's Case, 2 Smith, Lead. Cas. Hare & W. 677.

An action in England upon the record of judgment of a French court was sustained. Godard v. Gray, L. R. 6 Q. B. 139; approved in Castrique v. Imrie, L. R. 4 H. L. 414.

And in this country the same rule prevails. 2 Kent, Com. 119.

A judgment of New Brunswick was held conclusive in Maine. Rankin v. Goddard, 55 Me. 390.

A judgment of the superior court of appeals of the four free cities of Germany was held conclusive in New York. Konitzky v. Meyer, 49 N. Y. 571; Andrews v. Herriot, 4 Cow. 520, note 3.

The judgment of a justice of the peace, of Pennsylvania, not certified under the act of Congress, was held a good cause of action in Ohio. Silver Lake Bank v. Harding, 5 Ohio, 547.

The English and American cases will be found collected and commented upon in 4 Wait, Act. & Def. p. 189.

*Joseph B. Townsend,* for defendant in error.—A company organized under the act of 1874 is in effect a corporation, or at least has the privileges, incidents, and characteristics of a corporation. Com. v. Sandy Lick Gas, Coal & Coke Co. 40 Phila. Leg. Int. 272; Patterson v. Tidewater Pipe Co. 12 W. N. C. 452; Freedley, Lim. Part. p. 6.

Death of the defendant at any time before the service of the writ, or after service and appearance and before plea pleaded, is always a good plea in abatement. 3 Chitty, Pl. p. 20, 7th ed.

And the defendant being dead some other party must intervene and plead his death in abatement. M'Cabe v. United States, 4 Watts, 325; Wentworth, Pl. 49; 1 Comyn's Digest title, *Abatement;* Rowan v. Woodward, 2 A. K. Marsh. 140.

A corporation is under no implied obligation to its creditors to continue to carry on business. The creditors of a corporation are not parties to the charter contract, nor have they any interest in the franchises granted by the state to the body of corporators. Morawetz, Priv. Corp. § 806, p. 773; Mumma v. Potomac Co. 8 Pet. 286, 8 L. ed. 947, and note; Smith v. Chesapeake & O. Canal Co. 14 Pet. 45, 10 L. ed. 347; Curran v. Arkansas, 15 How. 310, 14 L. ed. 708; Chicago L. Ins. Co. v. Needles, 113 U. S. 574, 28 L. ed. 1084, 5 Sup. Ct. Rep. 681; Mobile & O. R. Co. v. State, 29 Ala. 573; Barr v. Bartram & F. Mfg. Co. 41 Conn. 506; King v. Accumulative Life Fund & General Assur. Co. 3 C. B. N. S. 151; Kearns v. Leaf, 1 Hem. & M. 707.

The method for enforcing the claims of creditors would be by establishing them at the settlement of the accounts of the trustees charged with the liquidation of the company's affairs, or, if not proven before and paid by the latter, then by reclamation against the shareholders, who receive any distributive shares from the proceeds of the company's assets. This remedy is a purely equitable one, and to be enforced by proceedings in equity. McLean v. Eastman, 21 Hun, 314; Conro v. Gray, 4 How. Pr. 166; Fisk v. Union P. R. Co. 10 Blatchf. 518, Fed. Cas. No. 4,830; Irons v. Manufacturers' Nat. Bank, 6 Biss. 301, Fed. Cas. No. 7,068; 2 Morawetz, Priv. Corp. pp. 765, 766, 768; Crowther v. Upland Industrial Co-op. Asso. 1 Del. Co. Rep. 264.

The inability to call the dissolved company into court through

properly authorized officers shows the whole proceeding vacating the dissolution to have been *coram non judice.*

The cause of action in this case, as the record filed shows, did not arise out of any contract to pay money, express or implied; and inasmuch as the text of the affidavit of defense law does not, in terms, include records of this character, the operation of the act should be limited to exclude such cases as the present. Any extension of the act to cover them should result from legislative and not judicial action.

In all the Pennsylvania cases on the other side, the records of which copies were filed were those of a judgment in some sister state within the United States of America, with the single exception of Wernet's Appeal, 91 Pa. 321, which was not a case of an application for a judgment for want of an affidavit of defense, but was an application to open a judgment entered by confession, and is in nowise applicable to the question involved here.

*J. H. Sloan,* in reply.—The argument of the defendant in error, as to the service of the writ, is based on the assumption that the question of the return of the sheriff was before the court on this writ of error; of course, no such question is on this record, and if it were, it would be unnecessary to say that the conclusiveness of a sheriff's return in a case like this has been so often settled by this court, that it cannot now be a disputed question.   Kleckner v. Lehigh County, 6 Whart. 70; Kennard v. New Jersey R. & Transp. Co. 1 Phila. 41.

The argument of the defendant in error, and cases cited in relation to the proceedings in cases of defunct corporations, have no application here.   If this suit had been brought without first having the decree of dissolution set aside, there might have been some force in it; but this is not a corporation, and the mode of procedure in suits against it is regulated by the statutes applicable to such associations, and therefore such mode must be followed.

There is no appeal from, or writ of error to, the order of Cambria county court, setting aside the decree of dissolution which is part of the record of this cause, as it appears in the affidavit of defense in full.   Such order is, therefore, conclusive; and the association is not dead but alive, and was when this suit was brought.

OPINION BY MR. JUSTICE STERRETT:

This action of debt is on a duly certified record of judicial proceedings in Queen's bench division of the high court of justice of the province of Ontario, Canada, wherein judgment was rendered in favor of plaintiff and against defendant for $357.50 and costs.

The summons was returned: "Served on the Gautier Steel Company, Limited, a partnership association under the act of June 2, 1874, and its supplements, by giving, October 30, 1886, a true and attested copy of the within writ, to William S. Robinson, secretary of said company, and making known to him the contents thereof."

Robinson, the person thus served as secretary of defendant, intervened, and filed an affidavit of defense, in which it is averred, *inter alia*, that when the writ was served he informed the deputy sheriff that he was not secretary of defendant; that said company or association had been dissolved by decree of court, its business wound up and settled, and that he, deponent, had no agency, power, or authority to represent or act for the said defendant.

It is further averred, in substance, that the Gautier Steel Company, Limited, was organized in May, 1878, under the act of 1874, and after transacting business for over two years was duly dissolved by decree of the proper court on December 12, 1881; that from that time to the present "no such company, partnership, association, or business concern of any character known as or called the Gautier Steel Company, Limited, has ever had any entity or existence."

It also appears by the affidavit that nearly five years thereafter, on petition of the use plaintiff, the same court made an order rescinding its former decree of dissolution and restoring the company "to all its rights and privileges, and subject to all its liabilities."

The court below having discharged the rule for judgment, the sole question for our consideration is the sufficiency of the affidavit of defense.

It is contended, in the first place, that, inasmuch as the affidavit does not purport to be on behalf of the defendant, "but is made by an individual not sued, and on his own behalf," it should not be considered. The obvious answer to this is that plaintiff, having recognized Robinson as secretary of the com-

pany defendant, for the purpose of bringing it into court, is not in a position to treat him as a stranger to the proceedings and deny his right to present any defense that may be properly interposed on behalf of the company.

It is further contended that the affidavit does not disclose any valid defense; but we cannot assent to this proposition. Limited partnership associations, organized under the act of 1874, are in affect corporations, or quasi corporations. They are creatures of the law, and by its express provisions they may be dissolved and thus cease to exist. In a suit against a corporation, it cannot be doubted that its previous dissolution may be interposed as a defense with the same effect as the death of a natural person.

The act of June 24, 1885, provides that "in every suit or judicial proceeding to which a corporation is a party the existence of such corporation shall be taken to be admitted unless it is put in issue by the pleadings." The proper time to interpose the fact of dissolution or nonexistence of a corporation defendant is when the affidavit of defense is filed. If the facts therein averred furnish the necessary material for a formal plea in abatement, the affidavit is sufficient to prevent judgment.

The affidavit in this case contains everything that is required for a good plea in abatement. It avers in positive terms the formal dissolution of the company and discharge of the liquidating trustees nearly five years before the commencement of this suit.

It is no answer to say that in less than a month before the summons in this case was issued, the same court (on petition of the use plaintiff) rescinded the final order of dissolution made so long before. Under certain circumstances, perhaps, a court might be warranted in rescinding a previous decree; but there is nothing in this record that would authorize the recreation of a corporation or limited partnership association which the court by its decree had dissolved nearly five years before.

There is no merit in the defendant's position that the record of a foreign court is not within the affidavit of defense law.

Writ of error dismissed, at the costs of plaintiff, without prejudice, etc.