# Speier *v.* Locust Laundry, Incorporated, Appellant.

*Practice, C. P.—Affidavit of defense—Judgment—Opening judgment.*

1. Where the court has entered judgment for want of a sufficient affidavit of defense, and has subsequently discharged the rule to open the same judgment, and on appeal the defendant has assigned for error both the entry of the judgment and the refusal to open the judgment, the appellate court will consider only the sufficiency of the affidavit of defense, if it appears that the petition to open the judgment set up no defense which was not available to the defendant when he filed his affidavit of defense.

*Master and servant—Suit for wages—Successive installment—Res adjudicata.*

2. Where a contract of employment provides for weekly wages, a suit brought for all the installments then actually due, will not bar suits for later installments as they successively fall due.

*Res adjudicata—Abatement of action—Entire contract—Distinct covenants—Master and servant—Affidavit of defense—Appeals.*

3. Where there are breaches of several and distinct covenants contained in the same instrument, and suit is brought claiming damages for some of the breaches, and subsequently a second action is commenced claiming damages for other breaches, all the causes of action having accrued at the time of bringing the first suit, the first action may be pleaded in abatement of the second.

4. Where a contract of employment admitted to be an entire contract provides for the payment of weekly installments of wages, and also provides that certain personal property belonging to the plaintiff should become vested in the defendant at the end of the contract, upon the payment of a stated sum by the defendant to the plaintiff, and the plaintiff after an alleged wrongful discharge brings suit before the termination of the contract for the stated amount, and after the termination of the contract sues for his wages due, the pending of the first suit may be pleaded in abatement of the second action, and this may be done by an affidavit of defense filed in the second suit.

5. An affidavit of defense averring facts which furnish the necessary material for a formal plea in abatement, is sufficient to prevent judgment.

6. Where an affidavit of defense sets forth facts showing the pendency of a former action based on the same entire contract, and no formal plea in abatement has been filed, and the court below has improperly

entered judgment for want of a sufficient affidavit of defense, the appellate court can only reverse the judgment of the lower court, without entering a formal judgment of its own abating the action.

Argued Dec. 11, 1913. Appeal, No. 167, Oct. T., 1913, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1912, No. 4,952, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Herman Speier v. Locust Laundry. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for wages.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Chas. S. Wood,* for appellant.—It is settled law that if an affidavit of defense presents good matter in abatement that the affidavit is good: Billington v. Steel Co., 19 W. N. C. 339.

The pendency of an action for a part of an entire contract split up by the plaintiff is properly pleadable in abatement: Bendernagle v. Cocks, 19 Wend. 207; Hughes v. Investment Co., 26 Fed. Repr. 831.

A party cannot separate one entire cause of action into parts, and sue for one part on one occasion, and for the other at another: Carvill v. Garrigues, 5 Pa. 152; Hess v. Heeble, 6 S. & R. 57.

A contract for services for a given time, and for wages to be paid by the week is a single and entire contract: Perry v. Dickerson, 85 N. Y. 345; Colburn v. Woodworth, 31 Barb. 381.

The first suit and recovery had by the plaintiff must

be held to have been for general damages for breach of the contract, whether so intended by him or not: Toles v. Hazen, 57 How. Pr. 516; Farrington v. Payne, 15 Johns. 432; Miller v. Covert, 1 Wend. 487.

The plaintiff is limited to one recovery: Ewing v. McNairy, 20 Ohio, 315; Hackworth v. Zollars, 30 Iowa, 433; Gray v. Dougherty, 25 Cal. 266; James v. Allen County, 44 Ohio, 226; Olmstead v. Bach, 78 Md. 132; Liddell v. Chidester, 84 Ala. 508 (4 So. Repr. 426).

*Henry J. Scott,* for appellee.—The case of Stradley v. Bath Portland Cement Co., 228 Pa. 108, rules this.

OPINION BY RICE, P. J., February 20, 1914:

The appellant has assigned for error the entry of judgment against him for want of a sufficient affidavit of defense, and also the discharge of his rule to show cause why the judgment should not be opened. The petition for the rule set up no defense to the action which was not available to the defendant when he filed his affidavit of defense, and alleged no sufficient reason for not setting forth his entire defense therein. Therefore, if the affidavit of defense was insufficient to prevent judgment, the defendant was not in position to demand that the judgment be opened, and the court in refusing to open it properly exercised the discretion vested in it. Therefore we shall confine our discussion to the questions raised by the affidavit of defense.

The action was assumpsit. The statement of claim alleged (1) a written contract of employment of the plaintiff by the defendant for the period of eighteen months, ending November 28, 1912, at a salary of $25.00 per week; (2) performance by the plaintiff of his part of the contract up to and including the week ending March 9, 1912, and payment by the defendant of the stipulated salary up to the end of the preceding week; (3) discharge of the plaintiff, without cause, on March 9, 1912, and refusal by the defendant to pay the subse-

quently accruing salary. The statement further alleged that the plaintiff brought three separate actions for $25.00 each, being the salary due for the weeks ending March 9, March 16, and March 23, 1912, which actions, having been brought into the common pleas by appeal, were put at issue, tried together, and resulted in verdicts in plaintiff's favor for the sums claimed, with interest, and which the defendant satisfied by payment. The plaintiff's demand in the present action was for the salary accruing between the end of the period covered by these previous actions and the end of the contract period.

The affidavit of defense alleged, as cause for abating the action, that at the time it was begun there was pending against him, in the court of common pleas No. 3 of Philadelphia county, an action of assumpsit, brought by the same plaintiff, which was based on a breach of identically the same contract as that sued on in the present case, and that that action was still pending and undetermined. The cause of action alleged in that case, as shown by the statement of claim filed therein, was, that, by a clause of the contract of employment above referred to, as modified and amended by a subsequent agreement, it was agreed that certain personal property and a laundry route and good will of the laundry known as Roxboro, which belonged to the plaintiff at the date of the original contract, should, at the end of the contract period and upon payment of $350 by the defendant, vest in the latter; that the defendant's breach of the contract, by discharging him, terminated it; that the use and possession of the personal property, etc., were retained by the defendant without offering to return the same to the plaintiff; and therefore there was due and owing to the plaintiff the sum of $350 with interest, which the defendant refused to pay. It should be mentioned that the plaintiff distinctly recognized the entirety of the contract by alleging, in his statement of claim in that case, that the use

and possession by the defendant of the plaintiff's horse, wagon, harness, route, and good will "was a part of the entire contract and a consideration for the execution thereof, as well as the payment therefor, by the defendant at the time of the expiration of the said contract." Another fact which should be mentioned is, that, when the previous action to recover the $350 was brought, the plaintiff's claim for balance of salary was also ripe for action.

In the recent case of Stradley v. Bath Portland Cement Co., 228 Pa. 108, it was held, after an exhaustive consideration of the question from the standpoint of principle and authority, that (we quote from the syllabus), where a person employed for one year at a fixed salary payable in monthly installments, brings an action against his employer to recover the first month's salary, and in his statement of claim duly sets forth the contract and its terms, and avers performance of duties, and nonpayment for same, and judgment is entered against the defendant for want of an affidavit of defense, and such judgment is paid, the judgment, if unimpeached and unreversed, is res adjudicata in a later suit to recover other monthly installments of pay, as to all matters relating to the contract set forth in the plaintiff's statement of claim in the first suit. A fortiori is the first judgment conclusive if it was entered on verdict and then paid. It was also held, that, when the employee under such a contract has been wrongfully discharged, he can, if he sees fit, bring a separate action as each installment of salary falls due; yet if no action is brought until more than one is due, all installments that are then due must be included in the one action; and if an action is brought when more than one is due, a recovery in such action will be an effectual bar to a second suit brought to recover installments which were due at the time of the inception of the first action; and this on the theory that a judgment settles everything involved in the right to recover, not only matters that

were raised, but those which might have been raised. It is contended by the learned counsel for the appellee that this decision is conclusive and controlling in the present case. And it certainly is so as to all the questions except that which arises upon the pendency of the action to recover the $350. No such question arose in the case cited.

Prior to the Procedure Act of May 25, 1887, P. L. 271, a defendant was permitted to plead in abatement the pendency of a former action for the same cause, where a complete remedy could be secured by one action, and his right to raise the objection, and his duty to raise it promptly, if he intends to raise it at all, remain unaffected by that act: Becker v. Lebanon, etc., Street Ry. Co., 25 Pa. Superior Ct. 367. An affidavit of defense averring facts which furnish the necessary material for a formal plea in abatement, is sufficient to prevent judgment: Billington v. Gautier Steel Co., 19 W. N. C. 339, s. c., 7 Sadler, 574. We do not find many other cases in which this question of practice has been considered, but the principle is recognized in Penna. R. R. Co. v. Davenport, 154 Pa. 111; Hopkins v. Ludlow, 1 Phila. 272; Bank v. Teese, 6 Pa. C. C. Rep. 178. No good reason is assigned by counsel, and we see none, why an affidavit of defense which alleges everything essential to a good plea in abatement, and distinctly shows that they are alleged for the purpose of abating the former action, should not be given effect. In such case the plaintiff is not taken by surprise by the use of the affidavit for a different purpose from that expressed, but is duly warned, so that he may remove the objection by discontinuing the former action, if he so desires; for the plaintiff may discontinue the former suit after plea pleaded, and reply that no such action is pending: 1 T. & H. Pr., 5th ed., sec. 516. And of course he may do so where the pendency of the action is set up in an affidavit of defense.

This brings us to the main question, which is, whether

the pendency of the former was pleadable in abatement of the present action. Nemo debet bis vexari pro eadem causa. The rule indicated by this maxim and the reason for the rule were thus stated by Chief Justice BLACK, in Cleveland, etc., R. R. Co. v. Erie, 27 Pa. 380, s. c., 1 Grant, 212: "No man shall be twice harassed for the same cause. After judgment or decree by a tribunal of competent jurisdiction, another complaint, grounded on the same facts, will not be listened to, either by the same tribunal or a different one. This nobody denies. It is equally clear that a party cannot be doubly vexed by two proceedings for the same cause carried on against him at the same time. Two suits for the same cause of action, even when brought in the same court, will never be tolerated. It is much worse when the several suits are in different courts, requiring the defendant to appear in two places at once. . . . If a party may carry on two suits against his adversary, he may carry on twenty just as well, provided he can find, as in some cases he might find, that number of courts having jurisdiction, and thus he could not only harass and vex him, but plague him to death." Occasionally the application of this rule involves a nice question. But why is it not applicable here? The only plausible ground for a negative answer is, that in the earlier action the claim is for the $350 agreed to be paid for the personal property, etc., "at the expiration of said term of eighteen months," and in the present action the claim is for the unpaid salary. But both claims arose directly out of the same contract, which is conceded by the pleadings to be an entire contract. Both claims were due at the inception of the first suit. Both were money demands. And both involve, if they do not entirely depend upon, the same breach of contract, namely, the unlawful discharge of the plaintiff. There is no conceivable reason for holding that they could not be joined in one action, and there are many good reasons why they should be. It is true, there is no fixed and unvarying rule which prevents a plaintiff from suing

separately upon distinct and independent causes of action, even though he may join them in one suit; in other words, the sole test is not whether they may be joined: Chase v. Ninth National Bank, 56 Pa. 355. But the policy of the law is opposed to the multiplying of suits for demands directly arising out of an entire contract or its breach. Thus, in Hill v. Joy, 149 Pa. 243, it was held, that recovery on an oil lease of the royalties provided for therein is a bar to a subsequent suit for damages for breach, during the same period, of the implied covenant for proper and sufficient operation. In the course of the able opinion of the learned president of the common pleas, which was approved and adopted by the Supreme Court, a concise and correct summary of earlier decisions was given, which may be appropriately repeated here. In Carvill v. Garrigues, 5 Pa. 152, the defendant bargained for certain parcels of lumber, a part whereof plaintiff had delivered, when defendant refused to accept the remainder. The plaintiff sued, first, for the price of the part delivered, and, in a second action, for damages resulting from the defendant's refusal of the remainder. It was held that the claims were an entire cause of action. In Corbet et al. v. Evans et al., 25 Pa. 310, defendants purchased goods from plaintiffs, agreeing to pay for them partly in money, in separate installments, and partly in "good obligations" of third persons. Certain notes were accordingly transferred to plaintiffs and a part of the money paid, when plaintiffs brought suit for overdue installments, which they recovered. Some of the transferred notes proving unavailable, plaintiffs brought a second suit to recover their amounts, on defendants' contract to pay in "good obligations." But it was held that the demands in the two suits were parts of an entire cause of action. In Logan v. Caffrey, 30 Pa. 196, the plaintiff below had wrought for defendant at $1.00 a day during parts of 1854 and 1855, but, as was alleged, under the same contract. Caffrey then sued defendant for his wages, but

at the trial he withdrew his claim for wages between November, 1854, and February 5, 1855; the record showed this withdrawal, and no evidence was adduced to support that item. Thereafter Caffrey sued for that item, but it was held that, if the work was done under the same contract as the items in the former suit, then the second suit could not be maintained. In Buck v. Wilson et al., 113 Pa. 423, Buck, being indebted to Wilson & Co., in a book account, gave to Wilson & Co. his five notes for the amount, they falling due at various dates. After two of the notes were due, Wilson & Co. sued Buck, declaring in the common counts, and specially for the two notes, and attaching a verified copy of the book account. At the trial the plaintiff sought for and recovered no part of the account embraced in the five notes, save that represented by the first two. Thereafter Wilson & Co. brought a second suit to recover so much of the book account as was represented by the remaining three notes; but it was held that, inasmuch as the book account was an entire demand, and as both suits were based on it, the first suit was a bar to the second. In the thorough and exhaustive opinion of Judge MORRISON, speaking for this court, in Burt v. North Phila. Trust Co., 45 Pa. Superior Ct. 320, these and other cases recognizing and enforcing the rule were cited and reviewed, and the decision in that case is itself pertinent. It was held, that, where a depositor sues a bank in assumpsit for his money on deposit, and recovers a final judgment for the same, with interest as damages for its detention, he cannot thereafter maintain an action of trespass to recover damages for injuries to his credit, caused by the refusal of the bank to pay on his orders the same money. Speaking of the former judgment, Judge MORRISON said: "That judgment established the fact that the defendant had money of the plaintiff which it refused to pay on his orders and demand and that he was entitled at least to recover damages equal to the amount of his money and interest

thereon and he might have recovered in that suit any damages he may have suffered by reason of the breach of duty by the defendant company." The principle is so well illustrated in Bendernagle v. Cocks, 19 Wend. 207, and the case is so closely analogous to the present, that we deem it proper to refer to it at some length. In an action by Cocks (lessee) against Bendernagle (lessor), alleging breaches of Bendernagle's covenants to pay Cocks for one-third the manure which Cocks should bring on the premises during the first year of the term and to pay him $25.00 for plowing and working a certain field, Bendernagle pleaded in abatement the pendency of a former action upon the lease for the breach by Bendernagle of certain of its covenants. Cocks replied that the covenants for the breach of which the first suit was brought were other distinct and different covenants from those for the breach of which the second action was brought. Upon demurrer thereto, the court adjudged the replication to be good and rendered judgment in favor of the plaintiff. On writ of error this judgment was reversed by the Supreme Court in an elaborate and learned opinion, in which COWEN, J., reviewed the English and many of the earlier American decisions, and, in the course of his discussion, remarked: "I have been able to find but one case which holds that there being several breaches of the same contract already committed, the party may bring several actions for each." The general doctrine of the case, as stated in the syllabus, which is borne out by the opinion, is, that, "where a party hath several demands or existing causes of action growing out of the same contract, or resting in matter of account, which may be joined or sued for in the same action, they must be joined; and if the demands or causes of action be split up and a suit brought for part only, and subsequently a second suit for the residue, the first action may be pleaded in abatement." With regard to the particular case before the court, it was held, that, where there were breaches of

several and distinct covenants contained in the same instrument, and suit was brought, claiming damages for some of the breaches, and subsequently a second action was commenced, claiming damages for other breaches, all the causes of action having accrued at the time of bringing the first suit, the first action might be pleaded in abatement of the second. Bendernagle v. Cocks has been justly recognized by text-writers and courts of other jurisdictions as a leading case, and has been cited by the appellate courts of this commonwealth with approval. See Buck v. Wilson, 113 Pa. 423; Hill v. Joy, 149 Pa. 243; Burt v. North Phila. Trust Co., 45 Pa. Superior Ct. 320. There may arise cases in which, by reason of special circumstances, the rule would not apply, but there are no such circumstances presented in this case. After all, it is a very simple one. At the time the former suit was brought the plaintiff had two money demands against the defendant, arising directly out of the same entire contract which is pleaded in each action. Both were due at that time. No good reason existed for not including both in the former action, but there was every reason for applying the rule which can ever exist in any case. We conclude, without further elaboration, first, that the former action was not barred by the three previous judgments spoken of, because those actions were brought long before the end of the contract period; second, that the pendency of the former action was pleadable in abatement of the present action, and, therefore, was sufficient to prevent judgment for the plaintiff.

It is not clear, however, that we have power, not only to reverse the judgment, but also to enter a formal judgment abating the present action, as we would have if a formal plea in abatement had been entered. See Blackburn v. Watson, 85 Pa. 241.

Judgment reversed.