J. F. McKEAN, DOING BUSINESS IN 1920 AS J. S. McKEAN & SONS, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14966. Promulgated March 12, 1929.

*John T. Kennedy, Esq.*, for the petitioner.
*E. W. Shinn, Esq.*, for the respondent.

OPINION.

MURDOCK: The deficiency notice, a copy of which was attached to the petition, was dated January 23, 1926, addressed to J. S. McKean & Sons, Ltd., New Kensington, Pa., and was alleged and admitted to have been mailed on the above date. A part of the notice was as follows:

Sirs:

An audit of your income tax return for the year 1920 discloses a deficiency in tax of $1,260.93, as shown in the attached statement.

The statement attached to the notice was designated by the symbols IT: CA: 2226-8-60D and contained the computation of a deficiency

in corporate income and profits tax of J. S. McKean & Sons, Ltd., New Kensington, Pa., in the amount set forth in the deficiency notice. On April 26, 1926, a petition was filed with the Board under the name of " J. F. McKean, Doing business in 1920 as J. S. McKEAN AND SONS, LTD." This petition contained, *inter alia*, the following allegations:

The above named petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his deficiency letter IT: CA-2226-8-60 D, and as the basis for this proceeding alleges the following:

1. The petitioner is an individual, now doing business under the name of J S McKean and Son, at New Kensington, Pennsylvania, and during the year here in controversy, did business under the name of J. S. McKean and Sons, Ltd.; he is the only person who is financially interested as the proprietor in said business in that year or since.

\* \* \* \* \* \* \*

4. The determination of taxes set forth in said notice of deficiency is based upon the following error:

I. Said determination taxes the individual as a corporation, said individual being neither a corporation or an association, and not being subject to any corporate income and profits tax.

The prayer of the petition was as follows:

WHEREFORE, Your petitioner prays that the Board rule that the business enterprise known as J. S. McKean and Sons, Ltd., was a sole proprietorship during the year 1920, and was neither a corporation nor an association within the meaning of the Revenue Act of 1921; hence that instead of a deficiency of $1,260.93 there is a refund due of $281.44.

The following verification, sworn to April 21, 1926, was attached to the petition:

STATE OF PENNSYLVANIA,
　County of Westmoreland, ss:

J. F. McKean being duly sworn, says that, throughout the year 1920, he was the sole owner of the business known as J. S. McKEAN AND SONS, LTD.; that he has read the foregoing petition, or had the same read to him, and is familiar with the statements therein contained; that the facts stated are true, except as to those facts stated to be information and belief, and those facts he believes to be true.

(Signed)　　　J. F. McKEAN.

The evidence offered at the hearing discloses the following facts: On September 25, 1901, Geo. H. McKean, Anderson McKean, J. Fred McKean, and John S. McKean formed a partnership association or joint-stock company as authorized by the Pennsylvania Act of June 2, 1874, P. L. 271, and its various amendments for the purpose of " buying at wholesale and selling out at retail and wholesale hardware, builders' supplies, carriages, harness, stores, paints, sewer pipe, groceries, and a line of general merchandise," having a contemplated duration of 20 years from the date of formation. The total amount of the capital stock of the association was $12,000,

divided into 120 shares of the par value of $100 each, all of which was paid for by the subscribers with cash and personal property. At the time of formation, officers and managers were appointed in accordance with the provisions of the statutes. This association was still doing business in August, 1911, at which time there were but two members of the firm, J. F. McKean and his father, J. S. McKean.

Shortly after April 1, 1912, in accordance with a lease agreement between J. S. McKean and the G. C. Murphy Co. executed August 18, 1911, the latter company purchased for the amount of $2,500 a portion of the stock in trade of J. S. McKean & Sons, Ltd., in payment for which the G. C. Murphy Co. gave its note to J. S. McKean, individually. After the death of J. S. McKean in November, 1912, the note was paid by the G. C. Murphy Co. to J. S. McKean's wife as administratrix of his estate. The remainder of the assets of J. S. McKean & Sons, Ltd., was taken by J. F. McKean about April, 1912. He thereupon rented a store room near the former location of the association's business and engaged in the hardware business in his own name and not under the name of J. S. McKean & Sons, Ltd.

About the time of the sale of the assets to the G. C. Murphy Co., J. F. McKean surrendered his stock or membership certificates in J. S. McKean & Sons, Ltd., to his father, J. S. McKean, and the latter clipped the certificates together and placed them in the association's stock book. After that time J. F. McKean received no other certificates. In the spring of 1912 the association had no unpaid debts.

Acting upon the advice of a representative of the internal revenue collector for his district, J. F. McKean and his mother, Mrs. J. S. McKean, signed and filed a corporate return for the year 1920 under the name of J. S. McKean & Sons, Ltd.

It therefore appears from the record that the Commissioner upon consideration of a corporate return for the year 1920 purporting to have been filed by J. S. McKean & Sons, Ltd., has determined a deficiency in corporate income tax against the person making the return. The Revenue Act of 1918, sections 1, 230 (a) (2), and 301 (b) provides that an association or joint stock company is to be taxable as a corporation. The petition is filed by " J. F. McKean, Doing business in 1920 as J. S. McKean and Sons, Ltd.," and the evidence shows that during the year 1920 J. F. McKean was doing business as an individual and not as J. S. McKean & Sons, Ltd.

The Board in numerous instances has dismissed for want of jurisdiction proceedings in which it appeared from the pleadings or the record that the person appealing from a determination of a deficiency was not the taxpayer against whom the deficiency had been asserted. See *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Incorporated*, 12 B. T. A. 339; *American Arch Co.*, 13 B. T. A. 552; *Sanborn Brothers, Successors, etc.*, 14 B. T. A. 1059; *Engineers Oil*

*Co.*, 14 B. T. A. 1148. The facts in the present proceeding may be somewhat different from those in the above cases, since here the person who appeals from the determination now alleges in effect that he had mistakenly returned his own income as that of the person against whom the deficiency was asserted. But we are of the opinion that principles similar to those governing the cases cited require us to find that we have no jurisdiction to entertain the appeal.

The petition in this proceeding was filed on April 26, 1926, within 60 days after the enactment of the Revenue Act of 1926 (February 26, 1926). Section 283 (c) of the Act provides as follows:

(c) If before the enactment of this Act the Commissioner has mailed to *any person* a notice under subdivision (a) of section 274 of the Revenue Act of 1924 (whether in respect of a tax imposed by Title II of such Act or in respect of so much of an income, war-profits, or excess profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and if the 60-day period referred to in such subdivision has not expired before the enactment of this Act and no appeal has been filed before the enactment of this Act. *such person* may file a petition with the Board in the same manner as if a notice of deficiency had been mailed after the enactment of this Act in respect of a deficiency in a tax imposed by this title. In such cases the 60-day period referred to in subdivision (a) of section 274 of this Act shall begin on the date of the enactment of this Act, and the powers, duties, rights and privileges of the Commissioner and of the person entitled to file the petition, and the jurisdiction of the Board and of the courts, shall, whether or not the petition is filed, be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section. (Italics ours.)

If, therefore, the petitioner is not the person to whom the notice of deficiency was mailed, the Board has no jurisdiction to entertain his appeal. It is not any particular fund against which a determination is made by the Commissioner and to which a deficiency notice is sent, but such determination is made and such notice is addressed in respect to a particular individual, corporation or entity, taxable under the provisions of the revenue acts as a corporation, which the Commissioner thereby determines is liable for a deficiency in tax. The petitioner, an individual, has appealed, but it is clear that the person to whom the notice was sent was not the petitioner. It is directed not to an individual, but to J. S. McKean & Sons, Ltd., a firm which is further identified by the computation attached to the letter as a corporation or entity taxable as such. The Commissioner may have intended to determine a tax against the petitioner, but there is nothing in his determination to indicate that the deficiency has been determined against any other person than J. S. McKean & Sons, Ltd., an entity as distinguished from an individual. He has not notified the petitioner of an individual deficiency, nor does it appear that in the present proceeding he is attempting the collection of a tax from the petitioner.

Both the petitioner and the respondent assert that the Board has jurisdiction, the respondent contending that the joint stock association of J. S. McKean & Sons, Ltd., was in existence during the taxable year and that, therefore, the Board can entertain an appeal filed through a sole remaining partner, while the petitioner's contention is summarized in his counsel's brief as follows:

Since the petitioner contends that this firm was out of existence, it was impossible for the petitioner to make the firm a party of the proceeding, and the petitioner being the only one who had any financial interest whatever in said return, was forced to make himself the party to the petition.

What we have said before disposes of the petitioner's contention. The phrase "financial interest whatever in said return" is indefinite and ambiguous. The test is not the financial interest in a return, unless by that is meant the liability for the tax in the proceeding before the Board. Clearly, the Commissioner is not asserting a deficiency against the petitioner, and this alone is determinative of the proper party to institute an appeal.

Nor do we think that the respondent's contention as to jurisdiction is tenable. J. S. McKean & Sons, Ltd., was a joint-stock association formed in accordance with Pennslyvania law. Subscriptions to its stock were paid in and officers and managers were appointed in the manner required by the statutes of Pennsylvania. Such an association is a *quasi* corporation, an artificial body, which is *sui generis* and has an entity separate and apart from its members, the liability of the members being limited to the amount of their subscriptions to its capital stock. It acts through its officers or managers, who alone have the power to bind it. See *Billington* v. *Gautier Steel Co., Ltd*, 9 Atl. 35; *Stevens* v. *Philadelphia Ball Club, Ltd.*, 142 Pa. 52; 21 Atl. 797; *Whitney* v. *Short*, 146 Pa. 29; 24 Atl. 51; *Briar Hill Coal & Iron Co.* v. *Atlas Works, Ltd.*, 146 Pa. 290; 23 Atl. 326. It is such an organization as by the provisions of the revenue acts is taxable as a corporation. See *Hecht* v. *Malley*, 265 U. S. 144; *Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110. Being a creature of statute its methods of operation and dissolution are governed by the provisions of the statutes under which it was organized. See *Billington* v. *Gautier Steel Co., Ltd., supra; Tindel* v. *Park*, 154 Pa. 36; 26 Atl. 300.

The Pennsylvania law provides that such an association shall sue and be sued in its association name (Act of May 1, 1876; P. L. 89, § 3; Pa. Stats., 1920, § 16671) ; that it may be dissolved by the expiration of the period fixed for its duration or by a vote of the majority in number and value of interest and advertisement in the newspapers (Act of June 2, 1874; P. L. 271, § 8; Pa. Stats., 1920, § 16663) ; and that when dissolved the members shall elect three liquidating trustees

with full power to settle its affairs (Act of May 10, 1889; P. L. 183, § 2; Pa. Stats., 1920, § 16665). There is no evidence to show that the association had been dissolved in accordance with the statute prior to or during the year 1920, and we must assume that it was in existence during the taxable year. However, at the time the deficiency was asserted and the appeal was taken the association was dissolved by reason of the expiration of the time provided for its existence. See *Tindel* v. *Park, supra.* There is grave doubt whether under such circumstances there would be any proper party to appeal from a determination by the Commissioner of a deficiency against the association, since the Pennsylvania statutes do not provide for the continuance of such an association after its voluntary dissolution for the purpose of winding up its affairs. Cf. *S. Hirsch Distilling Co.,* 14 B. T. A. 1073. But even if there should be a right of appeal in 1926, J. F. McKean, an individual who, as the evidence discloses, had in 1912 surrendered his certificates of membership in the association was not the proper party to prosecute such an appeal.

It is immaterial in this proceeding whether the Commissioner is attempting to assert a corporate deficiency against an association which had no income in 1920 and which is not now in existence. It is quite probable that any confusion would have been avoided by the exercise of sufficient care on the part of the petitioner or by an investigation by the Commissioner before the assertion of the deficiency, but we are forced to conclude that the Board can not entertain the petitioner's attempt to appeal from a deficiency asserted against and a notice sent to another person.

Reviewed by the Board.

*The proceeding will be dismissed.*

LANSDON, SMITH, TRUSSELL, ARUNDELL, and SIEFKIN dissent.