## Commonwealth, to use, v. Olloman et al.

*Lloyd O. Hart*, for plaintiff; *David H. Weiner*, for defendants.

BROWNSON, P. J., October 5, 1931.—This action is brought upon seven different and distinct official bonds of a guardian appointed by the Orphans' Court of Washington County, each bond being given in the estate of a different ward, though the same person was appointed guardian of each of the seven minors. The appointment as guardian of the estates of five of the minors was made at February Term, 1930, and of the estates of the other two the guardian was appointed at August Term, 1930. The guardian having become a bankrupt, he either resigned or was removed, his accounts were adjusted by the orphans' court, and decrees were made for the payment by him to his successor in the guardianships of the respective amounts found by the court to be in his hands, belonging to the several wards respectively. The statement of claim avers a breach of each bond in that he failed to pay over to the Citizens Trust Company of Canonsburg, the succeeding guardian of each of the seven minors, the respective amounts which the orphans' court decreed so to be paid.

The defendants have filed what is headed as a statutory demurrer, but a part of the reasons which it assigns are objections to form which should have been the subject of a motion to strike off, and one of these (failure to attach a copy of the orphans' court decrees) would not, as we have set forth in an opinion this day filed at No. 690, August Term, 1931, be good, even if assigned in such a motion, for the reason that the records of the decrees are sufficiently referred to in accordance with the provisions of section five of the Practice Act.

The only substantial question of law raised by the defendants' affidavit is that of a misjoinder of causes of action.

As already stated, seven different bonds are declared upon, each of which was conditioned for the proper handling and application of the estate of a different minor. In so far as one of these bonds is sued upon, the action is to recover moneys belonging to minor A; as to another bond, it is to recover moneys belonging to minor B; and so on. The rights to be enforced for the benefit of each ward are several and distinct and separate from those of every other minor interested in the action. It is true have each of these minors had as guardian (to secure the faithful performance of whose official duties as such these bonds were severally and respectively given) the same person, and the obligors in each of the bonds are the same persons; that the obligee in each bond is the Commonwealth; and that each of the seven minors is represented upon the record by the same trust company, now serving as guardian of each minor's estate. In view of these circumstances, counsel for plaintiff argues that "the parties concerned in all of [the bonds] are the same, and the defendants are jointly and severally bound by all the bonds," and, therefore, to avoid

a multiplicity of actions and the hardship of requiring the expense of instituting a separate action upon each bond, all of the claims should be allowed to be joined in one suit.

But is the fundamental premise, that "the parties concerned in all of them are the same," correct in a legal sense? The Commonwealth is the obligee in each bond, it is true, but as such it holds each bond in trust for the protection and benefit of the particular minor named therein whose estate the particular bond was intended to protect. In taking, in holding and in suing to enforce these seven different bonds, the Commonwealth acts in seven different rights and sustains seven different legal characters; as to one bond its character is that of a trustee for minor A, as to another a trustee for minor B, and so on.

We appreciate the force, from a practical point of view, of the suggestion that it would be to some extent a saving of expense to the seven small estates of those minors to allow their several claims to be all asserted in a single action. But the law of Pennsylvania appears to be that, while a plaintiff, holding in the same right several distinct and separate causes of action against the same defendant, may embrace them all in one and the same suit, he may not join in one action separate and distinct claims, arising independently, which he holds in different rights and in legally distinct characters. Thus, if a man holds two bonds of the same obligor, one payable to him in his own right and the other held as executor of another person, he may not join them in one action: Strohecker v. Grant, 16 S. & R. 237, 242. And similarly as to a claim in his own right for services rendered and another claim in the character of administrator of a decedent for services rendered by the latter, the two claims being distinct and separate rights of action: Boubel v. Hatton, 1 Dauph. Co. Reps. 84.

By the provisions of the Act of June 14, 1836, P. L. 637, when one bond is given by a guardian for the benefit and protection of the estates of several wards, all of them may join in suing out a writ to enforce such bond by action, and they may declare separately thereon for the breaches of its condition, made to their particular injury respectively. But this statute authorizes such procedure only upon one single bond given for the protection and benefit of more than one person. It does not authorize the joining in one action of separate independent bonds given at different times, each for the benefit and protection of a separate ward or estate, because of the fact that the Commonwealth is the trustee-obligee in each bond. If the Citizens Trust Company had taken from the defendants a promissory note drawn to its order as guardian of A, and another note payable to it as guardian of B, no one would contend that the causes of action upon these separate notes could be joined; this because the two notes would be held in different rights and in different characters. The present case is analogous to that, because each of these seven bonds is held by the obligee in the character of a trustee for the exclusive benefit of the particular ward named therein and his legal representatives, and the seven different minors are not jointly interested in any one of the bonds.

The objection made in this case is in the nature of a plea in abatement, and the proper judgment, when such a plea is sustained, is that the writ be quashed: Blackburn v. Watson, 85 Pa. 241, 244. But there is no reason why (should it be desired to do so) an amendment should not be allowed to be made, striking out parties plaintiff and averments of the statement of claim in such manner as to confine the action to a suit upon one of the bonds for the benefit of the minor for whose protection such bond was given and leaving the other bonds to be sued on separately.

From Harry D. Hamilton, Washington, Pa.