## Powers v. McClellan

*Theodore C. Jackson*, for plaintiff.
*Spangler & Walker*, for defendant.

FLEMING, P. J., July 8, 1935.—This matter is before us upon an affidavit of defense raising a question of law. It is contended that at the time the instant suit was instituted there was pending, to no. 129, February term, 1935, a similar cause of action between the same parties for the same alleged act of trespass.

It appears that suit was first entered before a justice of the peace and judgment rendered in favor of the plaintiff and against the defendant. Upon certiorari, this court reversed the judgment and set it aside on the ground that the justice of the peace was without jurisdiction, it being an action of trespass on the case and the amount involved being in excess of the sum prescribed

by The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, sec. 2, and the plaintiff having failed to produce sworn receipted bills as therein provided: McClellan v. Powers, 22 D. & C. 447.

A decree was filed to this effect on February 22, 1935, wherein such judgment of reversal was noted and costs directed to be paid by the plaintiff. We intended Powers who was plaintiff below to pay costs, but the case was captioned in this court with McClellan as plaintiff in error and Powers as defendant in error. This mistake was corrected by an amended decree filed May 4, 1935, clarifying the use of the word "plaintiff" to mean "plaintiff in original action" and directing Robert L. Powers, "defendant in error" as the party to pay costs. Summons in the instant case was issued April 1, 1935. Costs in the former action were paid by Powers on June 1, 1935.

Disregarding the question as to whether the action to no. 129, February term, 1935, was definitely terminated on February 22, 1935, when original decree was filed, or on May 4, 1935, when amended decree was filed, it is definitely certain that it was ended on this last date. It is a coincidence that the affidavit of defense now under consideration was filed on the same day as the amended decree. It is definite that the action to no. 129, February term, 1935, is now terminated.

Discussing this question in Speier v. Locust Laundry, Inc., 56 Pa. Superior Ct. 323, President Judge Rice says, at the bottom of page 328:

"In such case the plaintiff is not taken by surprise by the use of the affidavit for a different purpose from that expressed, but is duly warned, so that he may remove the objection by discontinuing the former action, if he so desires; for the plaintiff may discontinue the former suit after plea pleaded, and reply that no such action is pending: 1 T. & H. Pr. 5th ed., sec. 516. And of course he may do so where the pendency of the action is set up

in an affidavit of defense." In the instant case if the former action was not concluded by the original decree on February 22, 1935, it was definitely concluded on May 4, 1935, the same day the affidavit raising this question was filed.

In the action to no. 129, February term, 1935, there was no consideration of the case upon its merits. So far as this court was concerned we were confined to a review of the record to ascertain the jurisdiction of the justice of the peace. This we found he did not have. Therefore, in fact, there was never a valid suit in any court upon the same facts as the instant case. "For a prior action to be a ground of abatement, the court before which it is pending must have jurisdiction . . . in respect of the amount involved": 2 Standard Pennsylvania Practice 13, sec. 9.

In Stroh v. Uhrich, 1 W. & S. 57 (1841), it was held that one who has a demand exceeding $100 could not give jurisdiction to a justice of the peace for its recovery, by allowing a set-off or counter demand of the defendant, so as to reduce his claim below $100. And if in such case, the defendant appears before the justice, and obtains a judgment against the plaintiff from which he appeals to the common pleas, the defendant may institute a new suit in court to recover his own claim. The pendency of the first suit and proceedings before the justice are no bar to plaintiff's recovery. A fortiori, if such manufactured jurisdiction is not a bar, a suit wherein jurisdiction is lacking per se, regardless of action on certiorari, would not abate the subsequent suit.

The purpose of the general rule that the pendency of a prior suit in a court having jurisdiction of the subject matter—and in the prior suit, we did not have jurisdiction of the subject matter, but merely of the record—and parties, and being in the same territorial jurisdiction, which suit is between the same parties, involves the same cause of action or subject matter, and seeks the same relief, is a ground for the abatement of the second action is

founded upon the reason that a defendant is not to be harassed by having several suits for the same cause pressed against him at one time: Feather v. Hustead, 254 Pa. 357. The instant case reveals no such a condition. The plaintiff began his action in a court without jurisdiction of the cause of action or subject matter. The judgment of that court was reversed on certiorari and he now comes into this court—the proper court—for his remedy. He is bona fidely asserting his rights and cannot in any manner be considered as harassing the defendant.

And now, July 8, 1935, the question of law raised by the affidavit of defense filed is decided in favor of the plaintiff and it is ordered that defendant, if he elects to do so, shall file his affidavit of defense upon the merits, within 15 days from this date.

And now, July 8, 1935, an exception is noted for the defendant and bill sealed.

From Musser W. Gettig, Bellefonte.